Marilyn A. Moberg (SBN 126895)
Ginger Heyman Pigott (SBN 162908)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90017
Telephone: (213) 457-8000
Facsimile:  (213) 457-8080
gheyman@reedsmith.com

Richard L. Berkman, Of Counsel/Pro Hac Vice To Be
Filed:
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104-2857
Telephone: (215) 994-4000
richard.berkman@dechert.com

Attorneys for Defendant
BAXTER HEALTHCARE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANO MAGNONN BERSANI, an individual, citizen of Brazil,<br><br>        Plaintiff,<br><br>    vs.<br><br>BAYER CORPORATION, an Indiana corporation, successor to CUTTER BIOLOGICAL, a California corporation; BAXTER HEALTHCARE CORPORATION, a Delaware corporation, and its HYLAND DIVISION; BAXTER INTERNATIONAL, INC., a Delaware corporation, successor to IMMUNO - U.S., INC., a Michigan Corporation; BAXTER WORLD TRADE CORPORATION, a Delaware corporation; ARMOUR PHARMACEUTICAL COMPANY, INC., a Delaware corporation, AVENTIS BEHRING LLC, a Delaware corporation, and AVENTIS INC., a Pennsylvania corporation; and ALPHA THERAPEUTIC CORPORATION, a California corporation,<br><br>        Defendants. | Case No. C 07 3760 MEJ<br><br>**DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>Jury Trial Demanded |

A limited liability partnership formed in the State of Delaware

REED SMITH LLP

DOCSLA-15603041.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Baxter Healthcare Corporation ("Baxter"), improperly identified in the

2  Complaint and sued as Baxter Healthcare Corporation and its Hyland Division, by its

3  undersigned attorneys, denies that it is liable in any way to Plaintiff based on the

4  allegations in the Complaint. Baxter Healthcare Corporation states that to the extent

5  this Complaint contains allegations directed to "Baxter/Immuno," "Baxter

6  International," "Baxter World Trade," "Immuno International A.G.," "Immuno - U.S."

7  or any alleged entity other than Baxter Healthcare Corporation, either explicitly or

8  otherwise, no answer is required by Baxter Healthcare Corporation. No response by

9  Baxter Healthcare Corporation herein shall be deemed a response to allegations

10  directed to "Baxter/Immuno," "Baxter International," "Baxter World Trade,"

11  "Immuno International A.G.," "Immuno - U.S." or any other alleged entity. All

12  references to "Baxter" in the Complaint shall be deemed to refer solely to Baxter

13  Healthcare Corporation for purposes of this Answer. And, to the extent Baxter

14  responds to allegations regarding Factor VIII and Factor IX concentrates, Baxter's

15  responses shall be deemed to apply only to its Factor VIII and Factor IX concentrates

16  and not to therapies processed by any other entity. Specifically, Baxter answers

17  Plaintiff's Complaint as follows:

18

19  **I.    ANSWER TO PLAINTIFF'S INTRODUCTION**

20

21    1.    To the extent that the allegations of this paragraph constitute legal

22  conclusions and/or are directed to parties other than Baxter, no response is required.

23  To the extent that these allegations are factual and directed to Baxter, Baxter admits

24  only that it processed human plasma into Factor VIII and Factor IX concentrate used

25  for the treatment of hemophilia. Baxter specifically denies that it engaged in any

26  misconduct, denies that it "manufactured" Factor VIII or Factor IX, and denies that

27  Factor VIII or Factor IX concentrates are blood "products." Baxter is without any

28  knowledge or information as to facts alleged specifically regarding Plaintiff and

DOCSLA-15603041.3-GHEYMAN-999995-20001

1  therefore denies them.  The remaining factual allegations directed to Baxter, if any,

2  are denied.

3

4         2.  To the extent that the allegations of this paragraph constitute legal

5  conclusions and/or are directed to parties other than Baxter, no response is required.

6  To the extent that these allegations are factual and directed to Baxter, Baxter admits

7  only that it processed factor concentrates from pooled plasma.  Baxter denies that it

8  "manufactured" Factor VIII or Factor IX concentrates, or that Factor VIII or Factor IX

9  concentrates are blood "products."  By way of further answer, Baxter at all times acted

10 with due care, complied with applicable statutes and regulations, and acted in

11 accordance with the existing state of medical and scientific knowledge.  The

12 remaining factual allegations directed to Baxter, if any, are denied.

13

14        3.  To the extent that the allegations of this paragraph constitute legal

15 conclusions and/or are directed to parties other than Baxter, no response is required.

16 To the extent that these allegations are factual and directed to Baxter, Baxter denies

17 that Factor VIII or Factor IX concentrates are "products."  The remaining factual

18 allegations directed to Baxter, if any, are denied.

19

20        4.  To the extent that the allegations of this paragraph constitute legal

21 conclusions and/or are directed to parties other than Baxter, no response is required.

22 To the extent that these allegations are factual and directed to Baxter, Baxter states

23 that hepatitis transmission was a known risk associated with the use of factor

24 concentrate and all Baxter factor concentrates carried an FDA approved hepatitis

25 warning.  The remaining factual allegations directed to Baxter, if any, are denied.

26

27

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DOCSLA-15603041.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## II.  ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

5.     The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter and therefore no response is required.

6.     The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter and therefore no response is required. The remaining factual allegations directed to Baxter, if any, are denied.  Baxter specifically denies that it engaged in unlawful, negligent or tortious activity, or that it engaged in a conspiracy or wrongful conduct.

7.     The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter and therefore no response is required. The remaining factual allegations directed to Baxter, if any, are denied.  Baxter specifically denies that it engaged in any unlawful activity.

8.     Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the willingness of witnesses to travel to the United States and therefore denies them.  The remaining factual allegations directed to Baxter, if any, are denied.

9.     The allegations of this paragraph constitute legal conclusions with respect to which no response is required.  To the extent that this paragraph is deemed to include factual allegations, Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

10.     The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter and therefore no response is required. As to the allegations directed to Baxter, and its Hyland Division (which is not separately amenable to suit), Baxter admits only that it maintained a processing facility in Los Angeles and some offices in Glendale, California, and that it obtained plasma from various centers throughout the United States at various times during the relevant period. Baxter specifically denies that it engaged in any unlawful activity. The remaining factual allegations directed to Baxter, if any, are denied.

11.     The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter and therefore no response is required from Baxter. Baxter specifically denies that it engaged in unlawful activity. The remaining factual allegations directed to Baxter, if any, are denied.

12.     The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter and therefore no response is required. The remaining factual allegations directed to Baxter, if any, are denied.

## III.    ANSWER TO ALLEGATIONS REGARDING PARTIES

13.     To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, no response is required. To the extent that these allegations are factual and directed to Baxter, Baxter is without knowledge or information sufficient to form a belief as to the truth of the alleged facts relating to Plaintiff's citizenship, country of residence, hemophilia treatments, medical condition, state of mind or other personal information, and therefore denies them. By way of further answer, this paragraph purports to reference plaintiff's Preliminary Profile Form. Baxter is without knowledge or information

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  sufficient to form a belief as to the truth of the alleged facts relating to Plaintiff's

2  Preliminary Patient Profile Form, and therefore denies them.  Baxter specifically

3  denies that it engaged in any conspiracy and denies all remaining factual allegations

4  directed to Baxter.

5

6        14.    To the extent that the allegations of this paragraph constitute legal

7  conclusions and/or are directed to parties other than Baxter, no response is required.

8  The factual allegations directed to Baxter, if any, are denied.  By way of further

9  answer, Baxter at all times acted with due care, complied with applicable statutes and

10  regulations, and acted in accordance with the existing state of medical and scientific

11  knowledge.

12

13        15.-16.    The allegations of these paragraphs are directed to parties

14  other than Baxter and therefore no response is required.

15

16        17.    To the extent that the allegations of this paragraph constitute legal

17  conclusions and/or are directed to parties other than Baxter, no response is required.

18  To the extent that this paragraph includes factual allegations directed to Baxter, Baxter

19  admits that it is a Delaware corporation, with its principal place of business in

20  Deerfield, Illinois, and that it is licensed to do business in multiple states, including

21  California.  Baxter further admits that it currently maintains a processing facility in

22  Los Angeles, California.  Baxter further admits that it has, through its Hyland

23  Division, been engaged in collecting plasma and processing and distributing AHF.

24  The remaining factual allegations directed to Baxter, if any, are denied.

25

26        18.    The allegations of this paragraph are directed to parties other than

27  Baxter and therefore no response is required from Baxter.  Baxter admits that Baxter

28  International, Inc. and Baxter World Trade Corporation are Delaware Corporations

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  that have their principal places of business in Illinois.  Baxter specifically denies that

2  "Baxter International" is the owner of and/or successor in interest to Immuno

3  International A.G. and/or Immuno-U.S. and further denies that either Baxter

4  International or Baxter World Trade is in any way liable in this matter.  The remaining

5  factual allegations directed to Baxter, if any, are denied.  Baxter makes no response

6  regarding Immuno International A.G., and denies that it ever acquired all assets and

7  liabilities of Immuno International A.G.

8

9      19.    To the extent the allegations of this paragraph constitute legal

10  conclusions and/or are directed to parties other than Baxter, no response is required.

11  Baxter admits that it maintains an office in Deerfield, Illinois.  Upon information and

12  belief, Baxter further admits that, at all times pertinent to the allegations of this

13  Complaint, Immuno - U.S. was a Michigan Corporation and a subsidiary of Immuno

14  International A.G., an Austrian Company with no corporate relationship to Baxter

15  International, Inc., Baxter Healthcare Corporation or Baxter World Trade Corporation.

16  By way of further answer, this paragraph purports to reference a 1998 document.

17  Baxter denies all allegations related to such document, to the extent they are

18  inconsistent with the provisions of the actual document.  All remaining factual

19  allegations directed to Baxter, if any, are denied.

20

21      20.    The allegations of this paragraph are directed to parties other than

22  Baxter and therefore no response is required.

23

24      21.    The allegations of this paragraph are directed to parties other than

25  Baxter and therefore no response is required.

26

27      22.    To the extent that the allegations of this paragraph constitute legal

28  conclusions and/or are directed to parties other than Baxter no response is required

DOCSLA-15603041.3-GHEYMAN-999995-20001

1  from Baxter. Baxter admits that it is, and has in the past been engaged in collecting

2  plasma and processing and distributing AHF. The remaining factual allegations

3  directed to Baxter, if any, are denied. Baxter makes no response on behalf of "Baxter

4  International," "Baxter World Trade," or "Immuno" (which is not a defendant in this

5  action) and all responses herein are made solely on behalf of Baxter Healthcare

6  Corporation.

7

8      23.    To the extent that the allegations of this paragraph constitute legal

9  conclusions and/or are directed to parties other than Baxter, no response is required.

10  Baxter is without knowledge or information sufficient to form a belief as to the vague

11  and ambiguous term "actions," and therefore allegations based thereon are denied.

12

13  **IV.    ANSWER TO PLAINTIFF'S "FACTUAL ALLEGATIONS"**

14

15      A.    <u>**Answer to Allegations Regarding Hemophilia and Its Treatment**</u>

16

17      24.    Baxter admits that hemophilia is an inherited hemorrhagic

18  conditions, the circumstances of which vary from individual to individual. Baxter is

19  without knowledge or information sufficient to form a belief with respect to the

20  allegations regarding Plaintiff's medical condition and therefore denies them. This

21  paragraph does not state allegations directed to Baxter, but rather recites medical facts

22  and information. Baxter denies the statements herein to the extent they are

23  inconsistent with the current state of medical and scientific knowledge.

24

25      25.    Baxter admits that hemophilia is an inherited hemorrhagic

26  condition, the circumstances of which vary from individual to individual. Baxter

27  further admits that it does and has in the past processed therapies known as factor

28  concentrates. Baxter specifically denies that Factor VIII or Factor IX concentrates are

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  "products." This paragraph does not state allegations directed to Baxter, but rather

2  recites medical facts and information. Baxter further denies the statements herein to

3  the extent they are inconsistent with the current state of medical and scientific

4  knowledge and/or are inconsistent with the instructions for use which accompany

5  particular therapies.

6

7      26.    To the extent that the allegations of this paragraph constitute legal

8  conclusions and/or are directed to parties other than Baxter, no response is required

9  from Baxter. Baxter admits only that it processes and distributes factor concentrates

10 according to its own proprietary methods, from pooled plasma collected primarily

11 from paid donors. The availability of factor concentrate therapies in the late 1960's

12 and/or early 1970's marked a huge advance in the treatment of hemophilia. Baxter

13 specifically denies that the term "AHF" refers to all factor concentrates or that "AHF"

14 includes Factor IX. The remaining factual allegations directed to Baxter, if any, are

15 denied.

16

17    **B.    Answer to Allegations Regarding Failure to Disclose or Warn**

18

19     27.    To the extent that the allegations of this paragraph constitute legal

20 conclusions and/or are directed to parties other than Baxter, no response is required.

21 The remaining factual allegations directed to Baxter, if any, are denied. By way of

22 further answer, Baxter at all times acted with due care, complied with applicable

23 statutes and regulations, and acted in accordance with the existing state of medical and

24 scientific knowledge.

25

26     28.    To the extent that the allegations of this paragraph constitute legal

27 conclusions and/or are directed to parties other than Baxter, no response is required.

28 This paragraph purports to reference research articles published in the 1970s. Baxter

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1  denies such references to the extent they are inconsistent with the plain meaning of the

2  writings themselves and denies Plaintiff's characterization of the writings.  By way of

3  further answer, Baxter at all times acted with due care, complied with applicable

4  statutes and regulations, and acted in accordance with the existing state of medical and

5  scientific knowledge.  The remaining factual allegations directed to Baxter, if any, are

6  denied.

7

8      29.    This paragraph purports to reference research articles published in

9  the 1970s.  Baxter denies such references to the extent they are inconsistent with the

10  plain meaning of the writings themselves and denies Plaintiff's characterization of the

11  writings.

12

13      30.    To the extent that the allegations of this paragraph constitute legal

14  conclusions and/or are directed to parties other than Baxter, no response is required.

15  By way of further answer, Baxter at all times acted with due care, complied with

16  applicable statutes and regulations and acted in accordance with the existing state of

17  medical and scientific knowledge.  The remaining factual allegations directed to

18  Baxter, if any, are denied.

19

20  **C.    Answer to Allegations Regarding Alleged Recruitment of Donors**

21  **From High Risk Populations**

22

23      31.    This paragraph does not allege any facts directed to Baxter but

24  rather purports to reference and quote a specific report.  Baxter denies the allegations

25  of this paragraph to the extent they are inconsistent with the plain meaning of the

26  referenced report.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603041.3-GHEYMAN-999995-20001

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    32.    To the extent that the allegations of this paragraph constitute legal

2    conclusions and/or are directed to parties other than Baxter, no response is required.

3    The remaining factual allegations directed to Baxter, if any, are denied.

4

5    33.    To the extent that the allegations of this paragraph constitute legal

6    conclusions and/or are directed to parties other than Baxter, no response is required.

7    This paragraph purports to reference various studies and reports.  Baxter denies such

8    references to the extent they are inconsistent with the plain meaning of the documents.

9    The remaining factual allegations directed to Baxter, if any, are denied.

10

11    34.    To the extent that the allegations of this paragraph constitute legal

12    conclusions and/or are directed to parties other than Baxter, no response is required.

13    This paragraph purports to reference and quote a specific report.  Baxter denies such

14    references to the extent they are inconsistent with the plain meaning of the report.

15    Baxter admits that plasma is a scarce resource and that Baxter made an effort not to

16    waste this valuable resource that can be processed into various therapeutic

17    applications.  The remaining factual allegations directed to Baxter, if any, are denied.

18

19    35.    To the extent that the allegations of this paragraph constitute legal

20    conclusions and/or are directed to parties other than Baxter, no response is required.

21    This paragraph purports to reference and quote a specific report the accuracy and

22    authenticity of which is not known to Baxter and Baxter therefore denies the

23    allegations regarding such report.  The remaining factual allegations directed to

24    Baxter, if any, are denied.

25

26    36.    To the extent that the allegations of this paragraph constitute legal

27    conclusions and/or are directed to parties other than Baxter, no response is required.

28    Baxter admits that high titer plasma is used to make hepatitis B immune globulin and

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  that certain donors with the necessary high titers were sought for that purpose. The

2  remaining factual allegations directed to Baxter, if any, are denied.

4       37.    To the extent that the allegations of this paragraph constitute legal

5  conclusions and/or are directed to parties other than Baxter, no response is required.

6  The remaining factual allegations directed to Baxter, if any, are denied.

8       38.    To the extent that the allegations of this paragraph constitute legal

9  conclusions and/or are directed to parties other than Baxter, no response is required.

10  The remaining factual allegations directed to Baxter, if any, are denied.

12       39.    To the extent that the allegations of this paragraph constitute legal

13  conclusions and/or are directed to parties other than Baxter, no response is required.

14  The remaining factual allegations directed to Baxter, if any, are denied.

16       40.    To the extent that the allegations of this paragraph constitute legal

17  conclusions and/or are directed to parties other than Baxter, no response is required.

18  The remaining factual allegations directed to Baxter, if any, are denied. By way of

19  further answer, Baxter at all times acted with due care, complied with applicable

20  statutes and regulations, and acted in accordance with the existing state of medical and

21  scientific knowledge.

23       41.    The allegations of this paragraph constitute legal conclusions

24  and/or are directed to parties other than Baxter, and therefore no response is required.

25  The remaining factual allegations directed to Baxter, if any, are denied. By way of

26  further answer, Baxter specifically denies "concealing" anything.

DOCSLA-15603041.3-GHEYMAN-999995-20001

**D.    Answer to Plaintiff's Allegation Regarding HBc Testing**

42.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, no response is required. The remaining factual allegations directed to Baxter, if any, are denied.

43.    The allegations of this paragraph are denied.

44.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required. The remaining factual allegations directed to Baxter, if any, are denied.

45.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, no response is required. Baxter is without knowledge or information sufficient to form a belief as to the source of Plaintiff's and other alleged hemophiliacs' "AIDS" and Hepatitis C infections and therefore denies such allegations.  The remaining factual allegations directed to Baxter, if any, are denied.

46.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, no response is required. By way of further response, this paragraph purports to reference and interpret federal regulations.  Baxter denies every allegation inconsistent with the plain language of the regulations as applied and interpreted by the FDA during the relevant period.  The remaining factual allegations directed to Baxter, if any, are denied.

47.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, no response is required.

DOCSLA-15603041.3-GHEYMAN-999995-20001
DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  The remaining factual allegations directed to Baxter, if any, are denied.  By way of

2  further answer, Baxter specifically denies that the term "AIDS" had even been coined

3  as of July 1982 and further denies that HBc testing was "highly effective" for

4  screening donors.

5

6      48.    To the extent that the allegations of this paragraph constitute legal

7  conclusions and/or are directed to parties other than Baxter, no response is required.

8  The remaining factual allegations directed to Baxter, if any, are denied.  By way of

9  further answer, Baxter specifically denies that it ever conspired with anyone to do

10 anything.  Baxter further explicitly denies that it participated in any "delaying tactic"

11 and further denies that it participated in the preparation of any other defendant's

12 internal documents or adopted the representations in such documents as its own.

13

14  **E.    Answer to Plaintiff's Allegations Regarding Heat Treatment and**

15         **Solvent Detergent**

16

17     49.    To the extent that the allegations of this paragraph constitute legal

18 conclusions and/or are directed to parties other than Baxter, no response is required.

19 To the extent that these allegations are factual and directed to Baxter, Baxter admits

20 that in the late 1970's and early 1980's hepatitis was recognized as the sole known

21 viral pathogen transmissible via Factor VIII and Factor IX.  The remaining factual

22 allegations directed to Baxter, if any, are denied.  By way of further answer, Baxter at

23 all times acted with due care, complied with applicable statutes and regulations, and

24 acted in accordance with the existing state of medical and scientific knowledge.

25

26     50.    To the extent that the allegations of this paragraph constitute legal

27 conclusions and/or are directed to parties other than Baxter, no response is required.

28 This paragraph purports to reference and quote various reports and documents the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1   accuracy and authenticity of which are not known to Baxter and Baxter therefore

2   denies the allegations related to them.  Baxter admits that, unlike factor concentrate,

3   albumin could be readily heated.  Baxter further admits that its heat-treated factor

4   concentrate was licensed in 1983.  Baxter is without knowledge or information

5   sufficient to form a belief as to when "HIV-safe" factor concentrates were

6   "universally" used and therefore denies such allegations.  The remaining factual

7   allegations directed to Baxter, if any, are denied.

8

9           51.    To the extent that the allegations of this paragraph constitute legal

10  conclusions and/or are directed to parties other than Baxter, no response is required.

11  The remaining factual allegations directed to Baxter, if any, are denied.

12

13          52.    To the extent that the allegations of this paragraph constitute legal

14  conclusions and/or are directed to parties other than Baxter, no response is required.

15  Baxter specifically denies that solvent detergents were well known or commercially

16  available for use in factor concentrates in the 1970's or that peer review articles

17  addressed solvent detergents in factor concentrates at that time.  The remaining factual

18  allegations directed to Baxter, if any, are denied.

19

20          53.    To the extent that the allegations of this paragraph constitute legal

21  conclusions and/or are directed to parties other than Baxter, no response is required.

22  The remaining factual allegations directed to Baxter, if any, are denied.

23

24          54.    Baxter admits only that it was present at a meeting in October 1983

25  at which Bernard Horowitz of the New York Blood Center reported on his ground

26  breaking research involving the attempted viral inactivation of lipid coated viruses.

27  Baxter specifically denies the implication that the information presented at such

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1   meeting was anything more than novel research. To the extent the remaining factual

2   allegations of this paragraph are directed to Baxter, they are denied.

3

4       55.    Baxter admits that in 1984, Drs. Prince and Horowitz published an

5   article about a solvent and a detergent. Baxter further admits that in or around 1985,

6   the NYBC obtained a license for a solvent detergent treated factor concentrate. To the

7   extent the remaining factual allegations are directed to Baxter, they are denied.

8

9       56.    To the extent the allegations of this paragraph constitute legal

10  conclusions and/or are directed to parties other than Baxter, no response is required.

11  Baxter admits that its heat-treated Factor VIII concentrate was licensed in 1983 and

12  that it obtained a license for heat-treated Factor IX in 1984 as part of Baxter's ongoing

13  effort to eliminate hepatitis. All remaining factual allegations directed to Baxter, if

14  any, are denied.

15

16      57.    To the extent the allegations of this paragraph constitute legal

17  conclusions and/or are directed to parties other than Baxter, no response is required.

18  The remaining factual allegations directed to Baxter, if any, are denied.

19

20      58.    This paragraph does not include allegations directed to Baxter but

21  rather purports to recite medical and scientific information. Baxter denies such

22  statements to the extent they are inconsistent with the state of medical and scientific

23  knowledge. This paragraph further purports to quote a published article, the accuracy

24  and authenticity of which are not known to Baxter, and Baxter therefore denies such

25  quotation and further denies Plaintiff's characterization of the quotation.

26

27      59.-60.    These paragraphs do not include allegations directed to

28  Baxter but rather purport to recite medical and scientific information. Baxter denies

DOCSLA-15603041.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    such statements to the extent they are inconsistent with the state of medical and

2    scientific knowledge. These paragraphs further purport to quote a published article,

3    the accuracy and authenticity of which are not known to Baxter, and Baxter therefore

4    denies such quotations.

5

6          61.    This paragraph does not include allegations directed to Baxter but

7    rather purports to recite medical and scientific information. Baxter denies such

8    statements to the extent they are inconsistent with the state of medical and scientific

9    knowledge. This paragraph further purports to quote a published article, the accuracy

10   and authenticity of which are not known to Baxter, and Baxter therefore denies such

11   quotation and further denies Plaintiff's characterization of the quotation.

12

13         62.    To the extent the allegations of this paragraph constitute legal

14   conclusions and/or are directed to parties other than Baxter, no response is required.

15   Baxter admits that for years, the potential transmission of viral hepatitis was a well-

16   known risk of all blood and plasma based therapies. Baxter further admits that it

17   introduced a solvent detergent treated therapy in 1988. By way of further answer,

18   Baxter states that to the extent this paragraph references "what was clear to the

19   medical community" or "what prompted the CDC" to allegedly take certain actions,

20   Baxter is without knowledge or information sufficient to form a belief as to the state

21   of mind or motivation of such groups and therefore denies all such allegations. This

22   paragraph further references alleged but unidentified CDC "recommendations," the

23   existence, accuracy, and authenticity of which are unknown to Baxter and Baxter

24   therefore denies them. Baxter further states that it is unaware of any large-scale recall

25   of heat-treated factor concentrate. The remaining factual allegations directed to

26   Baxter, if any, are denied.

27

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1    63.    To the extent that the allegations of this paragraph constitute legal

2    conclusions and/or are directed to parties other than Baxter, no response is required.

3    The remaining factual allegations directed to Baxter, if any, are denied.

4

5    **F.    Answer to Allegations Regarding Shipment of Non-Heat Treated**

6    **Factor Concentrate Abroad**

7

8    64.    To the extent that the allegations of this paragraph constitute legal

9    conclusions and/or are directed to parties other than Baxter, no response is required.

10    The remaining factual allegations directed to Baxter, if any, are denied.  Baxter is

11    aware of no entity known as "Baxter/Immuno" (or any therapies processed during the

12    relevant period by such an entity) and makes no answer on behalf of such alleged

13    "defendant."

14

15    65.    To the extent the allegations of this paragraph constitute legal

16    conclusions and/or are directed to parties other than Baxter, no response is required.

17    By way of further answer, this paragraph purports to reference certain internal Cutter

18    documents.  Baxter is without knowledge or information sufficient to form a belief as

19    to the identity, accuracy or authenticity of these documents and therefore denies the

20    allegations regarding them.  The remaining allegations directed to Baxter, if any, are

21    denied.

22

23    66.    The allegations of this paragraph constitute legal conclusions

24    and/or are directed to a party other than Baxter, and therefore no response is required.

25    By way of further answer, this paragraph purports to reference and quote a certain

26    internal Cutter document.  Baxter is without knowledge or information sufficient to

27    form a belief as to the identity, accuracy or authenticity of such document and

28

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  therefore denies the allegations regarding it. The remaining allegations directed to

2  Baxter, if any, are denied.

3

4        67.  To the extent the allegations of this paragraph constitute legal

5  conclusions and/or are directed to parties other than Baxter, no response is required.

6  By way of further answer, this paragraph purports to reference certain unidentified

7  records. Baxter is without knowledge or information sufficient to form a belief as to

8  the identity, accuracy or authenticity of these documents and therefore denies the

9  allegations regarding them. The remaining factual allegations directed to Baxter, if

10  any, are denied.

11

12        68.  To the extent that the allegations of this paragraph constitute legal

13  conclusions and/or are directed to parties other than Baxter, no response is required.

14  By way of further response, this paragraph purports to reference and interpret a

15  purported CDC report. Baxter is without knowledge or information sufficient to form

16  a belief as to the identity, accuracy and authenticity of such report and therefore

17  denies the allegations regarding it. The remaining factual allegations directed to

18  Baxter, if any, are denied.

19

20        69.  To the extent the allegations of this paragraph constitute legal

21  conclusions and/or are directed to parties other than Baxter, no response is required.

22  By way of further response, this paragraph purports to reference and interpret a

23  purported CDC report. Baxter is without knowledge or information sufficient to form

24  a belief as to the identity, accuracy and authenticity of such report and therefore

25  denies the allegations regarding it. The remaining factual allegations directed to

26  Baxter, if any, are denied.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

70.    To the extent the allegations of this paragraph are directed to parties other than Baxter, no response is required.  The remaining factual allegations directed to Baxter, if any, are denied.

### G.    Answer to Allegations of Misrepresentation and Fraudulent Concealment

71.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, no response is required.  The remaining factual allegations directed to Baxter, if any, are denied.  Baxter specifically denies misrepresenting or fraudulently concealing anything.

72.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, no response is required.  The remaining factual allegations directed to Baxter, if any, are denied.

73.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, no response is required.  The remaining factual allegations directed to Baxter, if any, are denied.

74.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, no response is required.  The remaining factual allegations directed to Baxter, if any, are denied.

75.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

76. To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, no response is required. To the extent that these allegations are factual and directed to Baxter, Baxter admits that on January 14, 1983 representatives from various government agencies such as the FDA and CDC, representatives of various voluntary blood agencies, and representatives from the fractionation industry attended a meeting of the National Hemophilia Foundation. Baxter further admits only that it seriously considered the possibility of using HBc testing and that Baxter did perform an informal survey regarding HBc testing. The remaining factual allegations directed to Baxter are denied. By way of further answer, Baxter specifically denies that the CDC ever recommended HBc testing and specifically denies that HBc testing was ever licensed for any use other than diagnostic purposes. In fact, after 1983 the FDA explicitly confirmed that HBc testing was not to be used for plasma screening.

77. The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required. To the extent that these allegations are factual and directed to Baxter, Baxter admits that it openly discussed and thus did not conceal its plans to phase out prison plasma during the coming year. The remaining factual allegations directed to Baxter, if any, are denied.

78. The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and thus no response is required. To the extent that these allegations are factual and directed to Baxter, Baxter admits that at a meeting on or about December 15, 1983, Michael Rodell, an employee of Armour, proposed to BPAC and certain members of the FDA, the creation of a Task Force to evaluate the utility of HBc testing and provide additional information in three months. Baxter specifically denies that this was a delaying tactic and further denies

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    that the request for the establishment of a Task Force was made in bad faith.  The

2    remaining factual allegations directed to Baxter, if any, are denied.

3

4         79.    The allegations of this paragraph constitute legal conclusions

5    and/or are directed to parties other than Baxter, and therefore no response is required.

6    All factual allegations directed to Baxter, if any, are denied.  By way of further

7    answer, Baxter at all times acted with due care, complied with applicable statutes and

8    regulations, and acted in accordance with the existing state of medical and scientific

9    knowledge.

10

11        80.    The allegations of this paragraph constitute legal conclusions

12   and/or are directed to parties other than Baxter, and therefore no response is required.

13   Baxter specifically denies that it engaged in any fraudulent activities, failed to disclose

14   accurate warnings or recruited high risk donors.  All remaining factual allegations

15   directed to Baxter, if any, are denied.

16

17   **H.    Answer to Allegations Regarding Federal Regulations**

18

19        81.    The allegations of this paragraph, including all of its subparts,

20   constitute legal conclusions and therefore no response is required.  Further, this

21   paragraph, including its subparts, purports to quote provisions of the United States

22   Code.  Baxter denies any quotations, or portions thereof, which are not in conformity

23   with the exact language of the referenced statute and, in any event, denies Plaintiff's

24   characterization of such language.

25

26        82.-87.    The allegations of these paragraphs constitute legal

27   conclusions and therefore no response is required.  Further, these paragraphs purport

28   to quote provisions of the Code of Federal Regulations.  Baxter denies any quotations,

DOCSLA-15603041.3-GHEYMAN-999995-20001

1  or portions thereof, which are out of conformity with the exact language of the

2  referenced regulation.  Moreover, Baxter is without knowledge or information

3  sufficient to form a belief as to what times Plaintiff believes are "material to this

4  Complaint" and therefore denies the allegations of these paragraphs on that basis and,

5  in any event, Baxter denies Plaintiff's characterization of such language.

6

7          88.    The allegations of this paragraph constitute legal conclusions

8  and/or are directed to parties other than Baxter, and therefore no response is required.

9  The remaining factual allegations directed to Baxter, if any, are denied.  By way of

10  further answer, Baxter specifically states that it at all times acted with due care,

11  complied with applicable statutes and regulations, and acted in accordance with the

12  existing state of medical and scientific knowledge.

13

14  I.     **Answer to Allegations Regarding Conspiracy, Concert of Action and**

15         **Group Liability**

16

17          89.    The allegations of this paragraph constitute legal conclusions

18  and/or are directed to parties other than Baxter, and therefore no response is required.

19  The remaining factual allegations directed to Baxter, if any, are denied.

20

21          90.    To the extent that the allegations of this paragraph constitute legal

22  conclusions and/or are directed to parties other than Baxter, no response is required.

23  The remaining factual allegations directed to Baxter, if any, are denied.

24

25          91.    To the extent the allegations of this paragraph constitute legal

26  conclusions and/or are directed to parties other than Baxter, no response is required.

27  The remaining factual allegations directed to Baxter, if any, are denied.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1       92.    To the extent that the allegations of this paragraph constitute legal

2  conclusions and/or are directed to parties other than Baxter, no response is required.

3  To the extent that these allegations are factual and directed to Baxter, Baxter admits

4  that it participated in a PMA meeting in January 1983 at which the issue of surrogate

5  testing (HBc screening) was considered. Baxter specifically denies that HBc

6  screening was "highly effective" at screening donors for AIDS. Baxter further states

7  that HBc screening was not approved by the FDA as a surrogate test for AIDS at that

8  time, nor has it ever been approved for that purpose. The remaining factual

9  allegations directed to Baxter, if any, are denied.

10

11       93.    To the extent that the allegations of this paragraph constitute legal

12  conclusions and/or are directed to parties other than Baxter, no response is required.

13  The remaining factual allegations directed to Baxter, if any, are denied. By way of

14  further answer, Baxter at all times acted with due care, complied with applicable

15  statutes and regulations, and acted in accordance with the existing state of medical and

16  scientific knowledge.

17

18       94.    The allegations of this paragraph constitute legal conclusions

19  and/or are directed to parties other than Baxter, and therefore no response is required.

20  To the extent that these allegations are factual and directed to Baxter, Baxter admits

21  that there was a PMA Meeting in January 1983 at which concerns regarding an

22  emerging condition which came to be known as AIDS were discussed by concerned

23  members of the industry. Baxter further admits that by the date of the PMA meeting,

24  it was aware of speculation that this emerging disease might in some unknown manner

25  be related to blood or blood based therapies. Baxter denies the implication that there

26  was anything improper about talking with other members of its industry regarding

27  issues of mutual concern. The remaining factual allegations directed to Baxter, if any,

28  are denied.

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

95.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, no response is required. To the extent that these allegations are factual and directed to Baxter, Baxter admits that in December 1983, certain representatives of the plasma industry, BPAC and the FDA were present at a meeting where the creation of a Task Force to evaluate and study the utility of HBc testing was proposed. Baxter specifically denies any suggestion that the proposed evaluation was intended to be a delaying tactic. By way of further response, Baxter states that to the extent that the allegations of this paragraph purport to rely on a document prepared by an individual who is or was not an employee of Baxter, Baxter denies the accuracy of such document. The remaining factual allegations directed to Baxter, if any, are denied.

96.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required. To the extent that these allegations are factual and directed to Baxter, Baxter admits that it was a member of trade associations such as ABRA and PMA and, as is typical of members of many industries, it sometimes communicated with others in the same field through such trade groups. Baxter specifically denies the implication of this paragraph that there is something improper about belonging to a trade group. The remaining factual allegations directed to Baxter, if any, are denied.

97.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required. The remaining factual allegations directed to Baxter, if any, are denied.

98.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required. The remaining factual allegations directed to Baxter, if any, are denied.

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

99.  The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required. The remaining factual allegations directed to Baxter, if any, are denied.

100.  The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required. The remaining factual allegations directed to Baxter, if any, are denied.

101.  To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, no response is required. Baxter denies that its AHF was "manufactured" or that it was "fungible." Baxter's AHF was processed in accordance with Baxter's own proprietary procedures specifically approved and licensed by the Food and Drug Administration. Moreover, no two "AHF" therapies were the same and although some hemophiliacs could successfully use more than one brand of AHF, it was not uncommon for physicians to prescribe specific brands for specific hemophiliacs for whom certain therapies provided a better therapeutic outcome. The remaining factual allegations directed to Baxter, if any, are denied.

102.  The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required. To the extent that these allegations are factual and directed to Baxter, Baxter admits only that it processed its factor concentrates from the pooled plasma of multiple donors. The remaining factual allegations directed to Baxter, if any, are denied.

103.  To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, no response is required. The remaining factual allegations directed to Baxter, if any, are denied. By way of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603041.3-GHEYMAN-999995-20001

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  further response Baxter states that to the extent there were any risks associated with

2  the use of factor concentrate about which Baxter knew or should have known and

3  which gave rise to a duty to warn, Baxter at all times discharged such duty through

4  appropriate and adequate warnings to physicians in accordance with applicable

5  statutes and regulations and the existing state of medical and scientific knowledge.

6

7  **V.    ANSWER TO ALLEGATIONS REGARDING TOLLING OF**

8  **APPLICABLE STATUTES OF LIMITATIONS**

9

10      104.   The allegations of this paragraph constitute legal conclusions

11  and/or are directed to parties other than Baxter, and therefore no response is required.

12  The remaining factual allegations directed to Baxter, if any, are denied.  By way of

13  further answer, Baxter specifically denies any acts of fraudulent conduct, concealment

14  or misrepresentation.

15

16      105.   The allegations of this paragraph constitute legal conclusions

17  and/or are directed to parties other than Baxter, and therefore no response is required.

18  By way of further answer, the remaining factual allegations directed to Baxter, if any,

19  are denied.  Baxter specifically denies any acts of fraudulent conduct, concealment or

20  misrepresentation.  Baxter further denies that it owed a duty to act in any manner with

21  regard to the processing of factor concentrates other than the manner in which it acted.

22

23      106.   The allegations of this paragraph constitute legal conclusions

24  and/or are directed to parties other than Baxter, and therefore no response is required.

25  The remaining factual allegations directed to Baxter, if any, are denied.  By way of

26  further answer, Baxter specifically denies any acts of fraudulent conduct, concealment

27  or misrepresentation.  Baxter further denies that Plaintiff suffered any injuries as a

28  result of any wrongful acts or omissions by Baxter.

DOCSLA-15603041.3-GHEYMAN-999995-20001

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

# VI.    ANSWER TO ALLEGATIONS REGARDING CLAIMS FOR RELIEF

## A.    Answer to Plaintiff's First Claim - Fraudulent Omission and Concealment

107.    Baxter incorporates by reference its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

108.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required. The remaining factual allegations directed to Baxter, if any, are denied.  By way of further answer, Baxter denies that it owed any duty to act in any manner with regard to the processing and distribution of factor concentrates other than the manner in which it acted.  Baxter at all times acted with due care, complied with applicable statutes and regulations, and acted in accordance with the existing state of medical and scientific knowledge.

109.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required. The remaining factual allegations directed to Baxter, if any, are denied.  By way of further answer, Baxter denies that it owed any duty to act in any manner with regard to the processing and distribution of factor concentrates than the manner in which it acted.  Baxter at all times acted with due care, complied with applicable statutes and regulations, and acted in accordance with the existing state of medical and scientific knowledge.

110.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required.

DOCSLA-15603041.3-GHEYMAN-999995-20001

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    The remaining factual allegations directed to Baxter, if any, are denied. By way of

2    further answer, Baxter specifically denies that it fraudulently or intentionally

3    concealed any information from Plaintiff. Baxter at all times acted with due care,

4    complied with applicable statutes and regulations, and acted in accordance with the

5    existing state of medical and scientific knowledge.

6

7         111.   The allegations of this paragraph constitute legal conclusions

8    and/or are directed to parties other than Baxter, and therefore no response is required.

9    By way of further answer, Baxter specifically denies that it fraudulently or

10   intentionally concealed any information from Plaintiff. Baxter at all times acted with

11   due care, complied with applicable statutes and regulations, and acted in accordance

12   with the existing state of medical and scientific knowledge.

13

14        112.   To the extent that the allegations of this paragraph constitute legal

15   conclusions and/or are directed to parties other than Baxter, no response is required.

16   The remaining factual allegations directed to Baxter, if any, are denied. By way of

17   further answer, Baxter specifically denies that it concealed any information from

18   anyone.

19

20        113.   The allegations of this paragraph constitute legal conclusions

21   and/or are directed to parties other than Baxter, and therefore no response is required.

22   By way of further answer, Baxter specifically denies that it fraudulently or

23   intentionally concealed any information from Plaintiff. Baxter at all times acted with

24   due care, complied with applicable statutes and regulations, and acted in accordance

25   with the existing state of medical and scientific knowledge.

26

27        114.   The allegations of this paragraph constitute legal conclusions

28   and/or are directed to parties other than Baxter, and therefore no response is required.

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    115.  The allegations of this paragraph constitute legal conclusions

2  and/or are directed to parties other than Baxter, and therefore no response is required.

3  Baxter specifically denies that its conduct was malicious, intentional, outrageous,

4  willful or wanton or that Plaintiff was injured or suffered damages as a result of a

5  wrongful act or omission by Baxter.

6

7    116.  The allegations of this paragraph are either legal conclusions, or

8  are statements not directed to any defendant, and therefore no response is required

9  from Baxter.  The remaining factual allegations directed to Baxter, if any, are denied.

10

11    **B.**    **Answer to Plaintiff's Second Claim - Breach of Implied Warranty**

12

13    117.  Baxter incorporates by reference its responses to all preceding

14  paragraphs as if fully set forth herein and further answers as follows:

15

16    118.  To the extent that the allegations of this paragraph constitute legal

17  conclusions and/or are directed to another defendant, no response is required from

18  Baxter.  Baxter admits that the factor concentrate therapies which are the subject of

19  this action are prescription biologics which are processed from human plasma as

20  therapeutic agents for human beings.  Baxter denies that factor concentrates are

21  "products," or that they are "designed" or "manufactured."  The remaining factual

22  allegations directed to Baxter, if any, are denied.

23

24    119.  The allegations of this paragraph constitute legal conclusions

25  and/or are directed to parties other than Baxter, and therefore no response is required

26  from Baxter.  Baxter denies that factor concentrates are "products."  The remaining

27  factual allegations directed to Baxter, if any, are denied.

28

- 30 -

1

## C.    **Answer to Plaintiff's Third Claim - Negligence**

2

3    120.   Baxter incorporates by reference its responses to all preceding

4    paragraphs as if fully set forth herein and further answers as follows:

5

6    121.   The allegations of this paragraph constitute legal conclusions

7    and/or are directed to parties other than Baxter, and therefore no response is required.

8    Baxter specifically denies that Factor VIII or Factor IX are blood "products."  To the

9    extent that this paragraph is deemed to include any factual allegations directed to

10    Baxter, they are denied.

11

12    122.   The allegations of this paragraph constitute legal conclusions

13    and/or are directed to parties other than Baxter, and therefore no response is required.

14    By way of further answer, Baxter at all times acted with due care, complied with

15    applicable statutes and regulations, and acted in accordance with the existing state of

16    medical and scientific knowledge.

17

18    123.   The allegations of this paragraph and all of its subparts constitute

19    legal conclusions and/or are directed to parties other than Baxter, and therefore no

20    response is required.  By way of further answer, Baxter at all times acted with due

21    care, complied with applicable statutes and regulations, and acted in accordance with

22    the existing state of medical and scientific knowledge.

23

24    124.   The allegations of this paragraph constitute legal conclusions

25    and/or are directed to parties other than Baxter, and therefore no response is required.

26    The remaining factual allegations directed to Baxter, if any, are denied.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603041.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

125.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required. The remaining factual allegations directed to Baxter, if any, are denied.  Baxter specifically denies that it was negligent or that Plaintiff was injured or suffered damages as a result of a wrongful act or omission by Baxter.

126.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required.

127.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required. The remaining factual allegations directed to Baxter, if any, are denied.

## D.    Answer to Plaintiff's Fourth Claim - Negligence Per Se

128.   Baxter incorporates by reference its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

129.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required. By way of further answer, Baxter states that it is without knowledge or information sufficient to form a belief as to truth of any allegations regarding the identity of "Plaintiff" and therefore denies them.  The remaining factual allegations directed to Baxter, if any, are denied.

130.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required.

DOCSLA-15603041.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

131.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required. By way of further answer, Baxter states that it is without knowledge or information sufficient to form a belief as to the truth of any allegations regarding Plaintiff's alleged injuries or damages and therefore denies them. The remaining factual allegations directed to Baxter, if any, are denied.

132.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required.

133.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter, and therefore no response is required. The remaining factual allegations directed to Baxter, if any, are denied. Baxter specifically denies that its conduct was malicious, intentional, outrageous, willful or wanton or that Plaintiff was injured or suffered damages as a result of a wrongful act or omission by Baxter.

## VII.    ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Baxter Healthcare Corporation having fully answered, requests that this Court enter a judgment in its favor and against Plaintiff, and award Baxter its costs and expenses, including attorneys' fees in this matter, and grant such other relief as the Court may deem just and proper.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Baxter upon which relief may be granted.

DOCSLA-15603041.3-GHEYMAN-999995-20001

1

2

## **SECOND AFFIRMATIVE DEFENSE**

3         The injuries and damages claimed by Plaintiff, if any, were caused by the

4    negligence, fault, or other culpable conduct of persons other than Baxter and over

5    whom Baxter had no control and for which matters Baxter bears no legal

6    responsibility.

7

## **THIRD AFFIRMATIVE DEFENSE**

8

9

10        At all relevant times, Baxter acted in conformity with the existing state of

11   medical and scientific knowledge, common and accepted procedure in the medical

12   field, and state of the art in the processing and distribution of factor concentrates.

13

## **FOURTH AFFIRMATIVE DEFENSE**

14

15

16        The state of scientific and technical knowledge at the time when the

17   therapy was put into circulation was not such as to enable Baxter to know the

18   existence of the alleged defect, if any, or discover it.

19

## **FIFTH AFFIRMATIVE DEFENSE**

20

21

22        Plaintiff's claims are barred, in whole or in part, by the applicable

23   statutes of limitation and/or statutes of repose.

24

## **SIXTH AFFIRMATIVE DEFENSE**

25

26

27        Plaintiff's claims are barred, in whole or in part, by the learned

28   intermediary doctrine.

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by doctrines concerning unavoidably unsafe therapeutics under the Restatement (Second) of Torts: Product Liability §402A and comments thereto and/or Restatement (Third) of Torts: Products Liability §6 and comments thereto.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred or subject to reduction by the doctrines of contributory negligence or comparative fault. Accordingly, any recovery must be diminished to the extent of a finding of contributory negligence and/or comparative fault against him.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff was warned of and/or assumed the risk, if any, related to the use of factor concentrates.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff, knowing the nature and properties of factor concentrates, consented to their use, and accordingly Baxter cannot be held liable.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603041.3-GHEYMAN-999995-20001

1

2

### TWELFTH AFFIRMATIVE DEFENSE

3

Baxter's factor concentrate is a prescription biologic which has been

4 licensed and approved under 42 U.S.C. Section 262 and the regulations issued

5 thereunder.  At all relevant times, Baxter's conduct was in compliance with the

6 aforementioned statute and all other applicable federal statutes and regulations,

7 including but not limited to the federal Food, Drug, and Cosmetic Act which preempt

8 and bar the Plaintiff's claims, in whole or in part, by operation of the Supremacy

9 Clause of the United States Constitution.

10

### THIRTEENTH AFFIRMATIVE DEFENSE

11

12

13 At all relevant times, Baxter's conduct was in compliance with applicable

14 foreign regulations issued by the applicable foreign authorities, and Plaintiff's

15 recovery against Baxter is therefore barred.

16

### FOURTEENTH AFFIRMATIVE DEFENSE

17

18

19 Plaintiff has failed to join parties necessary and/or indispensable to a just

20 adjudication of this lawsuit.

21

### FIFTEENTH AFFIRMATIVE DEFENSE

22

23

24 The alleged injuries of Plaintiff were the result of unavoidable

25 circumstances, which could not have been prevented by anyone.

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries or damages, if any, were proximately caused by an intervening or superseding cause, and Plaintiff's recovery against Baxter is therefore barred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to allege any cause of action which would entitle Plaintiff to exemplary or punitive damages under the applicable and/or governing law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's demands for exemplary and punitive damages are barred because any award of such damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution by allowing standardless discretion to the jury to determine punishment and by depriving Baxter of prior notice of the consequences of its alleged acts.

## NINETEENTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive damages, Baxter specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards which arose in the decisions of BMW of North America v. Gore, 116 U.S. 1589 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), State Farm Mut. Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003), and Philip Morris USA v. Williams, 127 S.Ct. 1057 (2007). To the extent Plaintiff's demand for punitive

DOCSLA-15603041.3-GHEYMAN-999995-20001

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  damages are governed by foreign law, punitive damages are not available to Plaintiff

2  under applicable and/or governing law.

3

### TWENTIETH AFFIRMATIVE DEFENSE

5

6  Punitive damages are a punishment, a quasi-criminal sanction for which

7  Baxter has not been afforded the specific procedural safeguards prescribed in the Fifth

8  and Sixth Amendments to the United States Constitution.

9

### TWENTY-FIRST AFFIRMATIVE DEFENSE

11

12  The Complaint fails to allege a cause of action that would entitle Plaintiff

13  to attorneys' fees or costs.

14

### TWENTY-SECOND AFFIRMATIVE DEFENSE

16

17  Plaintiff has failed to give timely notice of his breach of warranty claims,

18  if any, and therefore are precluded from recovery.

19

### TWENTY-THIRD AFFIRMATIVE DEFENSE

21

22  Plaintiff's claims are barred because he failed to mitigate damages.

23

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

25

26  To the extent that Plaintiff's claims rest upon any theory that would allow

27  a finding of liability without requiring proof of causation, they violate Baxter's rights

28

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1    under the United States Constitution, the Constitution of the State of California and

2    such other laws as may be applicable.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

6        Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine

7    of primary jurisdiction; the FDA is charged with regulating biologics, including factor

8    concentrates, and is specifically charged with determining the content of the warnings

9    and labeling for biologics.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

13       To the extent Plaintiff's claims are based on alleged misrepresentations

14   or omissions made to the FDA, such claims are barred pursuant to <u>Buckman v.</u>

15   <u>Plaintiffs' Legal Committee</u>, 531 U.S. 341 (2001).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

19       To the extent that Plaintiff attempts to seek equitable relief, he is not

20   entitled to such relief because he has an adequate remedy at law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

24       Some of Plaintiff's claims are barred in whole or in part by the First

25   Amendment of the Constitution of the United States and/or the applicable Constitution

26   or equivalent legal document of any state or foreign nation whose laws might be

27   deemed controlling in this case.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1

2

## TWENTY-NINTH AFFIRMATIVE DEFENSE

3       Any recovery by Plaintiff must be reduced or offset by amounts Plaintiff

4  has received or will receive from others for the same injuries claimed in this lawsuit.

5

6

## THIRTIETH AFFIRMATIVE DEFENSE

7

8       Plaintiff's claims are barred because Baxter did not owe him any legal

9  duty or, if Baxter did owe such a legal duty, it did not breach that duty.

10

11

## THIRTY-FIRST AFFIRMATIVE DEFENSE

12

13       Damages for losses claimed by Plaintiff are limited by the California

14  Medical Injury Compensation Reform Act ("MICRA") including but not limited to

15  California Code Sections 3333.1 and 3333.2, or other similar applicable statutes

16  placing a cap on liability.

17

18

## THIRTY-SECOND AFFIRMATIVE DEFENSE

19

20       Some of the Plaintiff's alleged injuries or damages, if any, were the result

21  of the misuse of factor concentrate.

22

23

## THIRTY-THIRD AFFIRMATIVE DEFENSE

24

25       Plaintiff's claims are barred in whole or in part by the blood shield

26  statutes of California and/or Illinois, or by the blood shield statutes of such other

27  jurisdictions as may be applicable.

28

DOCSLA-15603041.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or should be reduced under the doctrine of avoidable consequences due to Plaintiff's failure to mitigate damages.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and losses, if any, were proximately caused by his own acts or omissions and his claims are therefore barred.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and losses, if any, were proximately caused by his own failure to use factor concentrate in a reasonably foreseeable and intended manner, or in a manner consistent with the therapy's labeling and his claims are therefore barred.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

If it is determined that a risk is inherent in factor concentrate, then such risk is outweighed by the benefits of factor concentrates.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon the doctrine of failure to warn, he has failed to state a claim upon which relief can be granted.

DOCSLA-15603041.3-GHEYMAN-999995-20001

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because there is no privity between Plaintiff and Baxter.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's rights and claims against Baxter, if any, are barred in whole or in part by public policy considerations.

## FORTY-FIRST AFFIRMATIVE DEFENSE

No implied warranties of fitness for a particular purpose, or for merchantability, existed with respect to any transaction alleged to have been entered by Baxter, or in the alternative, such warranty or cause of action based upon such warranty was waived by Plaintiff.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Any condition in question alleged to have constituted a breach of implied warranties by Baxter was not a proximate cause of Plaintiff's alleged injuries or damages.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrines of <u>res judicata</u>, and/or satisfaction and accord.

DOCSLA-15603041.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## FORTY-FOURTH AFFIRMATIVE DEFENSE

2

3      Plaintiff's claims are barred to the extent they seek to impose liability

4  retroactively for conduct that was not actionable at the time it occurred.

5

## FORTY-FIFTH AFFIRMATIVE DEFENSE

6

7

8      Plaintiff has vexatiously and unreasonably pursued this action and Baxter

9  is therefore entitled to costs, expenses and attorneys' fees reasonably incurred because

10  of such conduct.

11

## FORTY-SIXTH AFFIRMATIVE DEFENSE

12

13

14      Plaintiff's claims are barred by the doctrine of lis pendens.

15

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

16

17

18      Plaintiff's claims are barred, in whole or in part, by settlement of his

19  claims.

20

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

21

22

23      Plaintiff's claims fail, in whole or in part, because of improper claim

24  splitting.

25

26

27

28

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

### FORTY-NINTH AFFIRMATIVE DEFENSE

3

Plaintiff's claims are barred to the extent laws within his own country

4

provide for financial compensation or assistance for Plaintiff's alleged injuries.

5

6

### FIFTIETH AFFIRMATIVE DEFENSE

7

8

Plaintiff may not recover on the claims pleaded in the Complaint because

9

the damages sought are too speculative and remote.

10

11

### FIFTY-FIRST AFFIRMATIVE DEFENSE

12

13

Plaintiff's claims for relief, on their face and as applied, violate the

14

Excessive Fines Clause of the United States Constitution, and/or the applicable

15

Constitution or equivalent legal document of any state or foreign nation whose laws

16

might be deemed controlling in this case.

17

18

### FIFTY-SECOND AFFIRMATIVE DEFENSE

19

20

While denying at all times that factor concentrates processed by Baxter

21

caused or contributed to the injuries and damages alleged in the Complaint, Baxter

22

avers that Plaintiff was warned or otherwise made aware of the alleged risks and

23

further, that any such risks, to the extent they existed, were not beyond those that

24

would have been contemplated by an ordinary user.  Plaintiff therefore, is barred from

25

any recovery on the claims asserted.

26

27

28

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's fraud and misrepresentation claims cannot be sustained because Baxter did not have superior knowledge of material facts that were not also readily available to Plaintiff and Plaintiff has failed to plead such claims with particularity.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's rights to compensation, if any, have already been adjudicated in his home country.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Any decision in this Court, in favor of the Plaintiff, would violate legally and properly enacted provisions of the law in his home country.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not justiciable, as their adjudication would violate the Act of State Doctrine.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

This Court is neither a proper nor convenient forum for the just adjudication of Plaintiff's claims.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the law of the jurisdictions in which he resides and are, as such, barred in this Court by principles of comity.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

Any affirmative defenses pleaded by the other Defendants and not pleaded by Baxter are hereby incorporated herein to the extent they do not conflict with Baxter's affirmative defenses.

## SIXTIETH AFFIRMATIVE DEFENSE

Baxter hereby gives notice that it intends to plead any affirmative defenses available to Baxter under the law of the country where Plaintiff resides and hereby reserves the right to amend its Answer to assert such defenses.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

Baxter hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend its Answer to assert such defenses.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may fail due to lack of jurisdiction.

DOCSLA-15603041.3-GHEYMAN-999995-20001

1

## SIXTY-THIRD AFFIRMATIVE DEFENSE

2

3    Plaintiff's claims are improperly joined and should be dismissed.

4

5    ## SIXTY-FOURTH AFFIRMATIVE DEFENSE

6

7    To the extent Plaintiff's claims involve or relate to witnesses and/or other

8    evidence (documentary or otherwise) which lies beyond the subpoena power of this

9    court, Plaintiff's claims and any award or judgment resulting from proceedings in this

10   country constitute an unconstitutional violation of Defendants' rights to due process.

11

12   WHEREFORE, Baxter Healthcare Corporation having fully answered,

13   requests that this Court enter a judgment in its favor and against Plaintiff, and award

14   Baxter its costs and expenses, including attorneys' fees in this matter, and grant such

15   other relief as the Court may deem just and proper.

16

17   DATED: Aug 22, 2007              REED SMITH LLP

18                                    By:

19                                       Marilyn A. Moberg
                                         Ginger Heyman Pigott
20                                       Attorneys for Defendant
                                         Baxter Healthcare Corporation
21

22

23

24

25

26

27

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DOCSLA-15603041.3-GHEYMAN-999995-20001

DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

**PROOF OF SERVICE**

  I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071. On August 22, 2007, I served the following document(s) by the method indicated below:

**DEFENDANT BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

☐ by transmitting via facsimile on this date from fax number 213.457.8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

**SEE ATTACHED SERVICE LIST**

  I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on August 22, 2007, at Los Angeles, California.

Yolanda Rodriguez

---

PROOF OF SERVICE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

1

<u>**SERVICE LIST**</u>

2

| | |
|---|---|
| Juliano Magnonn Bersani<br>Rua Thomaz Otto #128<br>Pilarzinho, Curitiba<br>Brazil<br>CEP 82100520<br>Telephone: 41-963-50692 | *Plaintiff* |
| Nick Diamond, Esq.<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>275 Battery Street<br>30th Floor<br>San Francisco, CA 94111-3339 | |
| Lindley J. Brenza, Esq.<br>Kaspar J. Stoffelmayr, Esq.<br>Bartlit, Beck, Herman, Palenchar & Scott<br>1899 Wynkoop Street<br>8th Floor<br>Denver, CO 80202 | |
| Geoffrey R. W. Smith, Esq.<br>Geoffrey Smith, PLLC<br>1350 I Street, N.W.<br>Suite 900<br>Washington, DC 20005 | |
| Tamar B. Kelbar, Esq.<br>Sidley Austin LLP<br>One South Dearborn Street<br>Chicago, IL 60603 | |
| Sheldon J. Schlesinger, Esq.<br>John Uustal, Esq.<br>Sheldon J. Schlesinger, P.A.<br>1212 Southeast Third Avenue<br>Fort Lauderdale, FL 33316 | |
| Kevin Stack, Esq.<br>Knapp, Petersen & Clarke<br>500 North Brand Boulevard<br>20th Floor<br>Glendale, CA 91203 | |
| Duncan Barr, Esq.<br>O'Connor, Cohn, Dillon & Barr<br>2405 16th Street<br>San Francisco, CA 94103-4210 | |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

- 2 -