1  Marilyn A. Moberg (SBN 126895)
2  Ginger Heyman Pigott (SBN 162908)
   REED SMITH LLP
3  355 South Grand Avenue, Suite 2900
   Los Angeles, CA 90017
4  Telephone: (213) 457-8000
   Facsimile    (213) 457-8080
5  gheyman@reedsmith.com

6  Richard L. Berkman, Of Counsel/Pro Hac Vice To Be Filed
   DECHERT LLP
7  2929 Arch Street
   Philadelphia, PA 19104-2857
8  Telephone: (215) 994-4000
   ichard.berkman@dechert.com

9  Attorneys for Defendant
10 BAXTER WORLD TRADE CORPORATION

   UNITED STATES DISTRICT COURT
11
   NORTHERN DISTRICT OF CALIFORNIA
12

13 | JULIANO MAGNONN BERSANI, an | Case No. C 07 3760 MEJ
   | individual, citizen of Brazil,

14 |          Plaintiff, | **DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**
15 |     vs.

16 | BAYER CORPORATION, an Indiana | Jury Trial Demanded
   | corporation, successor to CUTTER
17 | BIOLOGICAL, a California
   | corporation;
18 | BAXTER HEALTHCARE
   | CORPORATION, a Delaware
19 | corporation, and its HYLAND
   | DIVISION; BAXTER
20 | INTERNATIONAL, INC., a Delaware
   | corporation, successor to IMMUNO -
21 | U.S., INC., a Michigan Corporation;
   | BAXTER WORLD TRADE
22 | CORPORATION, a Delaware
   | corporation; ARMOUR
23 | PHARMACEUTICAL COMPANY,
   | INC., a Delaware corporation,
24 | AVENTIS BEHRING LLC, a Delaware
   | corporation, and AVENTIS INC., a
25 | Pennsylvania corporation; and ALPHA
   | THERAPEUTIC CORPORATION, a
26 | California corporation,

27 |          Defendants.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

1    Baxter World Trade Corporation ("Baxter World Trade"), by its
2    undersigned attorneys, denies that it is liable in any way to Plaintiff based on the
3    allegations in the Complaint. Baxter World Trade states that to the extent this
4    Complaint contains allegations directed to "Baxter/Immuno," "Baxter Healthcare
5    Corporation," "Baxter International," "Immuno International A.G.," "Immuno - U.S."
6    or any alleged entity other than Baxter World Trade, either explicitly or otherwise, no
7    answer is required by Baxter World Trade. No response by Baxter World Trade
8    herein shall be deemed a response to allegations directed to "Baxter/Immuno,"
9    "Baxter Healthcare Corporation," "Baxter International," "Immuno International
10   A.G.," "Immuno - U.S." or any other alleged entity. All references to "Baxter" in the
11   Complaint shall be deemed to refer solely to Baxter Healthcare Corporation and its
12   Factor VIII and Factor IX concentrates for purposes of this Answer. Specifically,
13   Baxter World Trade answers Plaintiff's Complaint as follows:

14

15   **I.    Answer to Plaintiff's Introduction**

16

17       1.    To the extent that the allegations of this paragraph constitute legal
18   conclusions and/or are directed to parties other than Baxter World Trade, no response
19   is required. To the extent that these allegations are factual and directed to Baxter
20   World Trade, they are denied. Baxter World Trade did not "manufacture" or process
21   Factor VIII or Factor IX concentrate and did not sell these therapies in Brazil. Baxter
22   World Trade specifically denies that it engaged in any misconduct.

23

24       2.    To the extent that the allegations of this paragraph constitute legal
25   conclusions and/or are directed to parties other than Baxter World Trade, no response
26   is required. To the extent that these allegations are factual and directed to Baxter
27   World Trade, they are denied. Baxter World Trade did not "manufacture" or process
28   Factor VIII or Factor IX concentrates.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001
DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    |    3.    To the extent that the allegations of this paragraph constitute legal

2    conclusions and/or are directed to parties other than Baxter World Trade, no response

3    is required.  To the extent that these allegations are factual and directed to Baxter

4    World Trade, Baxter World Trade denies that Factor VIII or Factor IX concentrates

5    are "products."  The remaining factual allegations directed to Baxter World Trade are

6    denied.

7

8    |    4.    To the extent that the allegations of this paragraph constitute legal

9    conclusions and/or are directed to parties other than Baxter World Trade, no response

10   is required.  To the extent that these allegations are factual and directed to Baxter

11   World Trade, they are denied.

12

## II.    Answer to Allegations Regarding Jurisdiction and Venue

14

15   |    5.    The allegations of this paragraph constitute legal conclusions

16   and/or are directed to parties other than Baxter World Trade and therefore no response

17   is required.

18

19   |    6.    The allegations of this paragraph constitute legal conclusions

20   and/or are directed to parties other than Baxter World Trade and therefore no response

21   is required.  The remaining factual allegations directed to Baxter World Trade are

22   denied.  Baxter World Trade had no involvement with donor selection, plasma

23   collection or processing and did not ship factor concentrates to Brazil.  Baxter World

24   Trade specifically denies that it engaged in unlawful, negligent or tortious activity, or

25   that it engaged in a conspiracy or wrongful conduct.

26

27   |    7.    The allegations of this paragraph constitute legal conclusions

28   and/or are directed to parties other than Baxter World Trade and therefore no response

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   is required.  Baxter World Trade had no involvement with donor selection, plasma

2   collection or processing and did not ship factor concentrate to Brazil.  The remaining

3   factual allegations directed to Baxter World Trade are denied.  Baxter World Trade

4   specifically denies that it engaged in any unlawful activity.

5

6       8.      Baxter World Trade is without knowledge or information sufficient

7   to form a belief as to the truth of the allegations regarding the willingness of witnesses

8   to travel to the United States and therefore denies them.  The remaining factual

9   allegations directed to Baxter World Trade, if any, are denied.

10

11      9.      The allegations of this paragraph constitute legal conclusions with

12  respect to which no response is required.  To the extent that this paragraph is deemed

13  to include factual allegations, Baxter World Trade is without knowledge or

14  information sufficient to form a belief as to the truth of such allegations and therefore

15  denies them.

16

17      10.     The allegations of this paragraph constitute legal conclusions

18  and/or are directed to parties other than Baxter World Trade and therefore no response

19  is required.  Baxter World Trade specifically denies that it engaged in any unlawful

20  activity.  The remaining factual allegations directed to Baxter World Trade, if any, are

21  denied.

22

23      11.     The allegations of this paragraph constitute legal conclusions

24  and/or are directed to parties other than Baxter World Trade and therefore no response

25  is required from Baxter World Trade.  Baxter World Trade specifically denies that it

26  engaged in unlawful activity.  The remaining factual allegations directed to Baxter

27  World Trade, if any, are denied.

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

1         12.    The allegations of this paragraph constitute legal conclusions

2  and/or are directed to parties other than Baxter World Trade and therefore no response

3  is required.  The remaining factual allegations directed to Baxter World Trade, if any,

4  are denied.

5

6  **III.    <u>Answer to Allegations Regarding Parties</u>**

7

8         13.    To the extent that the allegations of this paragraph constitute legal

9  conclusions and/or are directed to parties other than Baxter World Trade, no response

10  is required.  To the extent that these allegations are factual and directed to Baxter

11  World Trade, they are denied.  By way of further answer, this paragraph purports to

12  reference plaintiff's Preliminary Profile Form.  Baxter World Trade is without

13  knowledge or information sufficient to form a belief as to the truth of the alleged facts

14  relating to Plaintiff's Preliminary Patient Profile Form, and therefore denies them.

15  Baxter World Trade did not sell factor concentrates in Brazil.  Baxter World Trade

16  specifically denies that it engaged in any conspiracy.

17

18         14.    To the extent that the allegations of this paragraph constitute legal

19  conclusions and/or are directed to parties other than Baxter World Trade, no response

20  is required.  The factual allegations directed to Baxter World Trade, if any, are denied.

21  Baxter World Trade did not sell factor concentrates in Brazil.

22

23         15.-16.    The allegations of these paragraphs are directed to parties

24  other than Baxter World Trade and therefore no response is required.

25

26         17.    To the extent that the allegations of this paragraph constitute legal

27  conclusions and/or are directed to parties other than Baxter World Trade, no response

28  is required.  By way of further response, upon information and belief, Baxter World

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1   Trade admits that Baxter Healthcare Corporation is a Delaware corporation, with its

2   principal place of business in Deerfield, Illinois, and that it is licensed to do business

3   in multiple states, including California.  Baxter World Trade further admits that

4   Baxter Healthcare Corporation has, through its Hyland Division, been engaged in

5   collecting plasma and processing and distributing AHF.    The remaining factual

6   allegations directed to Baxter World Trade, if any, are denied.

7

8          18.    To the extent the allegations of this paragraph constitute legal

9   conclusions and/or are directed to Baxter Healthcare Corporation, Baxter

10  International, Inc., "Immuno" or any entity other than Baxter World Trade, no

11  response is required.  Baxter World Trade admits that it is a Delaware Corporation

12  with its principal place of business in Illinois.  The remaining factual allegations

13  directed to Baxter World Trade, if any, are denied.

14

15         19.    To the extent the allegations of this paragraph constitute legal

16  conclusions and/or are directed to Baxter Healthcare Corporation, Baxter

17  International, Inc., "Immuno - U.S.," or any entity other than Baxter World Trade, no

18  response is required.  Baxter World Trade admits that it maintains an address in

19  Deerfield, Illinois.  All remaining factual allegations directed to Baxter World Trade,

20  if any, are denied.

21

22         20.    The allegations of this paragraph are directed to parties other than

23  Baxter World Trade and therefore no response is required.

24

25         21.    The allegations of this paragraph are directed to parties other than

26  Baxter World Trade and therefore no response is required.

27

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1         22.    To the extent that the allegations of this paragraph constitute legal

2  conclusions and/or are directed to any entity other than Baxter World Trade no

3  response is required.  The remaining factual allegations directed to Baxter World

4  Trade, if any, are denied.  Baxter World Trade had no involvement with the collection

5  or processing of plasma and it did not sell Factor VIII or Factor IX concentrates in

6  Brazil.  Baxter World Trade makes no response on behalf of "Baxter Healthcare,"

7  "Baxter International" or "Immuno."  All responses herein are made solely on behalf

8  of Baxter World Trade.

9

10         23.    To the extent that the allegations of this paragraph constitute legal

11  conclusions and/or are directed to parties other than Baxter World Trade, no response

12  is required.  Baxter World Trade is without knowledge or information sufficient to

13  form a belief as to the vague and ambiguous term "actions," and therefore allegations

14  based thereon are denied.

15

16  **IV.   Answer to Plaintiff's "Factual Allegations Applicable to All Claims"**

17

18      **A.   Answer to Allegations Regarding Hemophilia and Its Treatment**

19

20         24.    Baxter World Trade admits that hemophilia is an inherited

21  hemorrhagic condition, the circumstances of which vary from individual to individual.

22  Baxter World Trade is without knowledge or information sufficient to form a belief

23  with respect to the allegations regarding Plaintiff's medical condition and therefore

24  denies them.  This paragraph does not state allegations directed to Baxter World

25  Trade, but rather recites medical facts and information.  Baxter World Trade denies

26  the statements herein to the extent they are inconsistent with the current state of

27  medical and scientific knowledge.

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    25.    Baxter World Trade admits that hemophilia is an inherited

2    hemorrhagic condition, the circumstances of which vary from individual to individual.

3    Baxter World Trade specifically denies that it "makes" or processes Factor VIII or

4    Factor IX concentrates or that Factor VIII or Factor IX concentrates are "products."

5    This paragraph does not state allegations directed to Baxter World Trade, but rather

6    recites medical facts and information.  Baxter World Trade denies the statements

7    herein to the extent they are inconsistent with the current state of medical and

8    scientific knowledge and/or are inconsistent with the instructions for use which

9    accompany particular therapies.

10

11    26.    To the extent that the allegations of this paragraph constitute legal

12    conclusions and/or are directed to parties other than Baxter World Trade, no response

13    is required.  Baxter World Trade admits that the availability of factor concentrate

14    therapies in the late 1960's and/or early 1970's marked a huge advance in the

15    treatment of hemophilia.  Baxter World Trade specifically denies that the term "AHF"

16    refers to all factor concentrates or that "AHF" includes Factor IX.  The remaining

17    factual allegations directed to Baxter World Trade, if any, are denied.

18

19    **B.    Answer to Allegations Regarding Failure to Disclose or Warn**

20

21    27.    To the extent that the allegations of this paragraph constitute legal

22    conclusions and/or are directed to parties other than Baxter World Trade, no response

23    is required.  The remaining factual allegations directed to Baxter World Trade, if any,

24    are denied.  By way of further answer, Baxter World Trade at all times acted with due

25    care, complied with applicable statutes and regulations, and acted in accordance with

26    the existing state of medical and scientific knowledge.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

28.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  This paragraph purports to reference research articles published in the 1970s.  Baxter World Trade denies such references to the extent they are inconsistent with the plain meaning of the writings themselves and denies Plaintiff's characterization of the writings.  By way of further answer, Baxter World Trade states that it had no involvement in donor recruitment or plasma collection and it did not process factor concentrates.  Baxter World Trade at all times acted with due care, complied with applicable statutes and regulations, and acted in accordance with the existing state of medical and scientific knowledge.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.

29.    This paragraph purports to reference research articles published in the 1970s.  Baxter World Trade denies such references to the extent they are inconsistent with the plain meaning of the writings themselves and denies Plaintiff's characterization of the writings.

30.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  By way of further answer, Baxter World Trade states that it did not sell factor concentrates to Plaintiff or distribute factor concentrates in Brazil.  Baxter World Trade at all times acted with due care, complied with applicable statutes and regulations and acted in accordance with the existing state of medical and scientific knowledge.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.

DOCSLA-15603071.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

**C.**    **Answer to Allegations Regarding Alleged Recruitment of Donors**

2            **From High Risk Populations**

3

4            31.    This paragraph does not allege any facts directed to Baxter World

5    Trade but rather purports to reference and quote a specific report.  Baxter World Trade

6    denies the allegations of this paragraph to the extent they are inconsistent with the

7    plain meaning of the referenced report.

8

9            32.    To the extent that the allegations of this paragraph constitute legal

10    conclusions and/or are directed to parties other than Baxter World Trade, no response

11    is required.  The remaining factual allegations directed to Baxter World Trade, if any,

12    are denied.  By way of further answer, Baxter World Trade had no involvement in any

13    donor recruiting activities.

14

15            33.    To the extent that the allegations of this paragraph constitute legal

16    conclusions and/or are directed to parties other than Baxter World Trade, no response

17    is required. This paragraph purports to reference various studies and reports.  Baxter

18    World Trade denies such references to the extent they are inconsistent with the plain

19    meaning of the documents.  The remaining factual allegations directed to Baxter

20    World Trade, if any, are denied.  By way of further answer, Baxter World Trade had

21    no involvement in any donor recruiting activities.

22

23            34.    To the extent that the allegations of this paragraph constitute legal

24    conclusions and/or are directed to parties other than Baxter World Trade, no response

25    is required.  This paragraph purports to reference and quote a specific report.  Baxter

26    World Trade denies such references to the extent they are inconsistent with the plain

27    meaning of the report.  The remaining factual allegations directed to Baxter World

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1   Trade, if any, are denied.  By way of further answer, Baxter World Trade had no

2   involvement in any donor recruiting activities.

3

4          35.     To the extent that the allegations of this paragraph constitute legal

5   conclusions and/or are directed to parties other than Baxter World Trade, no response

6   is required.  This paragraph purports to reference and quote a specific report the

7   accuracy and authenticity of which is not known to Baxter World Trade and Baxter

8   World Trade therefore denies the allegations regarding such report.  The remaining

9   factual allegations directed to Baxter World Trade, if any, are denied.  By way of

10  further answer, Baxter World Trade had no involvement with any donor recruiting

11  activities.

12

13         36.     To the extent that the allegations of this paragraph constitute legal

14  conclusions and/or are directed to parties other than Baxter World Trade, no response

15  is required.  The remaining factual allegations directed to Baxter World Trade, if any,

16  are denied.  By way of further answer, Baxter World Trade had no involvement in any

17  donor recruiting activities and did not process factor concentrates or any plasma based

18  therapies.

19

20         37.     To the extent that the allegations of this paragraph constitute legal

21  conclusions and/or are directed to parties other than Baxter World Trade, no response

22  is required.  The remaining factual allegations directed to Baxter World Trade, if any,

23  are denied.  By way of further answer, Baxter World Trade had no involvement in any

24  donor recruiting activities and did not process factor concentrates or any plasma based

25  therapies.

26

27         38.     To the extent that the allegations of this paragraph constitute legal

28  conclusions and/or are directed to parties other than Baxter World Trade, no response

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  is required. The remaining factual allegations directed to Baxter World Trade, if any,

2  are denied. By way of further answer, Baxter World Trade had no involvement in any

3  donor recruiting activities and did not process factor concentrates or any plasma based

4  therapies.

5

6           39.    To the extent that the allegations of this paragraph constitute legal

7  conclusions and/or are directed to parties other than Baxter World Trade, no response

8  is required. The remaining factual allegations directed to Baxter World Trade, if any,

9  are denied. By way of further answer, Baxter World Trade had no involvement in any

10  donor recruiting activities and did not process factor concentrates or any plasma based

11  therapies.

12

13           40.    To the extent that the allegations of this paragraph constitute legal

14  conclusions and/or are directed to parties other than Baxter World Trade, no response

15  is required. The remaining factual allegations directed to Baxter World Trade, if any,

16  are denied. By way of further answer, Baxter World Trade had no involvement in any

17  donor recruiting activities and did not process factor concentrates or any plasma based

18  therapies.

19

20           41.    The allegations of this paragraph constitute legal conclusions

21  and/or are directed to parties other than Baxter World Trade, and therefore no

22  response is required. The remaining factual allegations directed to Baxter World

23  Trade, if any, are denied. By way of further answer, Baxter World Trade had no

24  involvement in any donor recruiting activities and specifically denies "concealing"

25  anything.

26

27

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1

## D.    Answer to Plaintiff's Allegation Regarding HBc Testing

2

3    42.    To the extent that the allegations of this paragraph constitute legal

4  conclusions and/or are directed to parties other than Baxter World Trade, no response

5  is required.  The remaining factual allegations directed to Baxter World Trade, if any,

6  are denied.  By way of further answer, Baxter World Trade had no involvement in any

7  donor selection activities.

8

9    43.    The allegations of this paragraph are denied.

10

11    44.    The allegations of this paragraph constitute legal conclusions

12  and/or are directed to parties other than Baxter World Trade, and therefore no

13  response is required.  The remaining factual allegations directed to Baxter World

14  Trade, if any, are denied.  By way of further answer, Baxter World Trade had no

15  involvement in any donor selection activities.

16

17    45.    To the extent that the allegations of this paragraph constitute legal

18  conclusions and/or are directed to parties other than Baxter World Trade, no response

19  is required.  Baxter World Trade is without knowledge or information sufficient to

20  form a belief as to the source of Plaintiff's and other alleged hemophiliacs' "AIDS"

21  and Hepatitis C infections and therefore denies such allegations.  In any event, Baxter

22  World Trade had no involvement in plasma collection or testing and did not sell factor

23  concentrates in Brazil.  The remaining factual allegations directed to Baxter World

24  Trade, if any, are denied.

25

26    46.    To the extent that the allegations of this paragraph constitute legal

27  conclusions and/or are directed to parties other than Baxter World Trade, no response

28  is required.  By way of further response, Baxter World Trade had no involvement in

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   donor selection and was not a "plasma fractionator." The remaining factual

2   allegations directed to Baxter World Trade, if any, are denied.

3

4          47.    To the extent that the allegations of this paragraph constitute legal

5   conclusions and/or are directed to parties other than Baxter World Trade, no response

6   is required.  Baxter World Trade did not collect, test or process plasma into factor

7   concentrates.  It had no involvement in the activities alleged in this paragraph.  The

8   remaining factual allegations directed to Baxter World Trade, if any, are denied.

9

10         48.    To the extent that the allegations of this paragraph constitute legal

11  conclusions and/or are directed to parties other than Baxter World Trade, no response

12  is required.  Baxter World Trade had no involvement with plasma testing or the other

13  activities alleged in this paragraph.  The remaining factual allegations directed to

14  Baxter World Trade, if any, are denied.  By way of further answer, Baxter World

15  Trade specifically denies that it ever conspired with anyone to do anything.  Baxter

16  World Trade further explicitly denies that it participated in any "delaying tactic" and

17  further denies that it participated in the preparation of any other defendant's internal

18  documents or adopted the representations in such documents as its own.

19

20  **E.    Answer to Plaintiff's Allegations Regarding Heat Treatment and**

21  **Solvent Detergent**

22

23         49.    To the extent that the allegations of this paragraph constitute legal

24  conclusions and/or are directed to parties other than Baxter World Trade, no response

25  is required.  To the extent that these allegations are factual and directed to Baxter

26  World Trade, Baxter World Trade admits that in the late 1970's and early 1980's

27  hepatitis was recognized as the sole known viral pathogen transmissible via Factor

28  VIII and Factor IX.  By way of further answer, Baxter World Trade states that it did

DOCSLA-15603071.3-GHEYMAN-999995-20001

1    not engage in research and/or development and did not process factor concentrates.

2    The remaining factual allegations directed to Baxter World Trade, if any, are denied.

3

4        50.    To the extent that the allegations of this paragraph constitute legal

5    conclusions and/or are directed to parties other than Baxter World Trade, no response

6    is required.  This paragraph purports to reference and quote various reports and

7    documents the accuracy and authenticity of which are not known to Baxter World

8    Trade and Baxter World Trade therefore denies the allegations related to them.  Baxter

9    World Trade admits that, unlike factor concentrate, albumin could be readily heated.

10   Upon information and belief, Baxter World Trade further admits that Baxter

11   Healthcare Corporation's heat-treated factor concentrate was licensed in 1983.  Baxter

12   World Trade is without knowledge or information sufficient to form a belief as to

13   when "HIV-safe" factor concentrates were "universally" used and therefore denies

14   such allegations.  By way of further answer, Baxter World Trade states that it did not

15   engage in research and/or development and did not process factor concentrates.  The

16   remaining factual allegations directed to Baxter World Trade, if any, are denied.

17

18       51.    To the extent that the allegations of this paragraph constitute legal

19   conclusions and/or are directed to parties other than Baxter World Trade, no response

20   is required.  By way of further answer, Baxter World Trade states that it did not

21   engage in research and/or development and did not process factor concentrates.  The

22   remaining factual allegations directed to Baxter World Trade, if any, are denied.

23

24       52.    To the extent that the allegations of this paragraph constitute legal

25   conclusions and/or are directed to parties other than Baxter World Trade, no response

26   is required.  Baxter World Trade specifically denies that solvent detergents were well

27   known or commercially available for use in factor concentrates in the 1970's or that

28   peer review articles addressed solvent detergents in factor concentrates at that time.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1    By way of further answer, Baxter World Trade states that it did not engage in research

2    and/or development and did not process factor concentrates.  The remaining factual

3    allegations directed to Baxter World Trade, if any, are denied.

4

5              53.    To the extent that the allegations of this paragraph constitute legal

6    conclusions and/or are directed to parties other than Baxter World Trade, no response

7    is required.  By way of further answer, Baxter World Trade states that it did not

8    engage in research and/or development and did not process factor concentrates.  The

9    remaining factual allegations directed to Baxter World Trade, if any, are denied.

10   Baxter World Trade specifically denies that Dr. Shanbrom ever approached Baxter

11   World Trade and specifically denies any wrongdoing.

12

13             54.    To the extent that the allegations of this paragraph constitute legal

14   conclusions and/or are directed to parties other than Baxter World Trade, no response

15   is required.  The remaining factual allegations directed to Baxter World Trade, if any,

16   are denied.

17

18             55.    To the extent that the allegations of this paragraph constitute legal

19   conclusions and/or are directed to parties other than Baxter World Trade, no response

20   is required.  Upon information and belief, Baxter World Trade admits that in 1984,

21   Drs. Prince and Horowitz published an article about a solvent and a detergent.  The

22   remaining factual allegations directed to Baxter World Trade, if any, are denied.

23

24             56.    To the extent the allegations of this paragraph constitute legal

25   conclusions and/or are directed to parties other than Baxter World Trade, no response

26   is required.  All remaining factual allegations directed to Baxter World Trade, if any,

27   are denied.

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

57.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required. By way of further answer, Baxter World Trade states that it did not engage in research and/or development and was not a factor concentrate processor. The remaining factual allegations directed to Baxter World Trade, if any, are denied.

58.    This paragraph does not include allegations directed to Baxter World Trade but rather purports to recite medical and scientific information. Baxter World Trade denies such statements to the extent they are inconsistent with the state of medical and scientific knowledge. This paragraph further purports to quote a published article, the accuracy and authenticity of which are not known to Baxter World Trade, and Baxter World Trade therefore denies such quotation and further denies Plaintiff's characterization of the quotation.

59.-60.    These paragraphs do not include allegations directed to Baxter World Trade but rather purport to recite medical and scientific information. Baxter World Trade denies such statements to the extent they are inconsistent with the state of medical and scientific knowledge. These paragraphs further purport to quote a published article, the accuracy and authenticity of which are not known to Baxter World Trade, and Baxter World Trade therefore denies such quotations.

61.    This paragraph does not include allegations directed to Baxter World Trade but rather purports to recite medical and scientific information. Baxter World Trade denies such statements to the extent they are inconsistent with the state of medical and scientific knowledge. This paragraph further purports to quote a published article, the accuracy and authenticity of which are not known to Baxter World Trade, and Baxter World Trade therefore denies such quotation and further denies Plaintiff's characterization of the quotation.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1   62.    To the extent that the allegations of this paragraph constitute legal
2   conclusions and/or are directed to parties other than Baxter World Trade, no response
3   is required.  This paragraph purports to reference certain undated CDC information
4   and makes allegations regarding the CDC's state of mind.  The identity, accuracy and
5   authenticity of such CDC information, as well as the CDC's state of mind in allegedly
6   publishing it are unknown to Baxter World Trade and Baxter World Trade therefore
7   denies all allegations regarding this CDC information.  Baxter World Trade further
8   states that it is unaware of any "large-scale recall of dry-heated product."  The
9   remaining factual allegations directed to Baxter World Trade, if any, are denied.

10
11   63.    To the extent that the allegations of this paragraph constitute legal
12   conclusions and/or are directed to parties other than Baxter World Trade, no response
13   is required.  By way of further answer, Baxter World Trade states that it did not
14   engage in research and/or development and was not a factor concentrate processor.
15   The remaining factual allegations directed to Baxter World Trade, if any, are denied.

16
17   **F.    Answer to Allegations Regarding Shipment of Non-Heat Treated**
18   **Factor Concentrate Abroad**
19
20   64.    To the extent the allegations of this paragraph constitute legal
21   conclusions and/or are directed to parties other than Baxter World Trade, no response
22   is required.  The remaining factual allegations directed to Baxter World Trade, if any,
23   are denied.  Baxter World Trade is aware of no entity known as "Baxter/Immuno" (or
24   any therapies processed during the relevant period by such an entity) and makes no
25   answer on behalf of such alleged "defendant."

26
27   65.    To the extent the allegations of this paragraph constitute legal
28   conclusions and/or are directed to a party other than Baxter World Trade, no response

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 18 -

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1    is required.  By way of further answer, this paragraph purports to reference certain

2    internal Cutter documents.  Baxter World Trade is without knowledge or information

3    sufficient to form a belief as to the identity, accuracy or authenticity of these

4    documents and therefore denies the allegations regarding them.  The remaining

5    allegations directed to Baxter World Trade, if any, are denied.

6

7          66.    The allegations of this paragraph constitute legal conclusions

8    and/or are directed to a party other than Baxter World Trade, and therefore no

9    response is required.  By way of further answer, this paragraph purports to reference

10   and quote a certain internal Cutter document.  Baxter World Trade is without

11   knowledge or information sufficient to form a belief as to the identity, accuracy or

12   authenticity of such document and therefore denies the allegations regarding it.  The

13   remaining allegations directed to Baxter World Trade, if any, are denied.

14

15         67.    To the extent the allegations of this paragraph constitute legal

16   conclusions and/or are directed to parties other than Baxter World Trade, no response

17   is required.  By way of further answer, this paragraph purports to reference certain

18   unidentified records.  Baxter World Trade is without knowledge or information

19   sufficient to form a belief as to the identity, accuracy or authenticity of these

20   documents and therefore denies the allegations regarding them.  The remaining factual

21   allegations directed to Baxter World Trade, if any, are denied.

22

23         68.    To the extent the allegations of this paragraph constitute legal

24   conclusions and/or are directed to parties other than Baxter World Trade, no response

25   is required.  By way of further answer, this paragraph purports to reference and

26   interpret a purported CDC report.  Baxter World Trade is without knowledge or

27   information sufficient to form a belief as to the identity, accuracy or authenticity of

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1  such report and therefore denies the allegations regarding it.  The remaining factual

2  allegations directed to Baxter World Trade, if any, are denied.

3

4          69.    To the extent the allegations of this paragraph constitute legal

5  conclusions and/or are directed to parties other than Baxter World Trade, no response

6  is required.  By way of further response, this paragraph purports to reference and

7  interpret a purported CDC report.  Baxter World Trade is without knowledge or

8  information sufficient to form a belief as to the identity, accuracy and authenticity of

9  such report and therefore denies the allegations regarding it.  The remaining factual

10  allegations directed to Baxter World Trade, if any, are denied.

11

12          70.    To the extent the allegations of this paragraph are directed to parties

13  other than Baxter World Trade, no response is required.  The remaining factual allegations

14  directed to Baxter World Trade, if any, are denied.

15

16  **G.    Answer to Allegations of Misrepresentation and Fraudulent**

17          **Concealment**

18

19          71.    To the extent that the allegations of this paragraph constitute legal

20  conclusions and/or are directed to parties other than Baxter World Trade, no response

21  is required.  The remaining factual allegations directed to Baxter World Trade, if any,

22  are denied.  Baxter World Trade specifically denies misrepresenting or fraudulently

23  concealing anything.

24

25          72.    To the extent that the allegations of this paragraph constitute legal

26  conclusions and/or are directed to parties other than Baxter World Trade, no response

27  is required.  The remaining factual allegations directed to Baxter World Trade, if any,

28  are denied.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    73.    To the extent that the allegations of this paragraph constitute legal

2    conclusions and/or are directed to parties other than Baxter World Trade, no response

3    is required.  The remaining factual allegations directed to Baxter World Trade, if any,

4    are denied.

5

6    74.    To the extent that the allegations of this paragraph constitute legal

7    conclusions and/or are directed to parties other than Baxter World Trade, no response

8    is required.  The remaining factual allegations directed to Baxter World Trade, if any,

9    are denied.

10

11    75.    The allegations of this paragraph constitute legal conclusions

12    and/or are directed to parties other than Baxter World Trade, and therefore no

13    response is required.

14

15    76.    To the extent that the allegations of this paragraph constitute legal

16    conclusions and/or are directed to parties other than Baxter World Trade, no response

17    is required.  To the extent that these allegations are factual and directed to Baxter

18    World Trade, Baxter World Trade admits that a meeting of the National Hemophilia

19    Foundation occurred on January 14, 1983 but denies that any Baxter World Trade

20    representative attended such meeting.  By way of further response, Baxter World

21    Trade states that it was not involved in "R and D" and did not collect, test or process

22    plasma into factor concentrates.  The remaining factual allegations directed to Baxter

23    World Trade are denied.

24

25    77.    The allegations of this paragraph constitute legal conclusions

26    and/or are directed to parties other than Baxter World Trade, and therefore no

27    response is required.  By way of further response, Baxter World Trade denies that any

28    Baxter World Trade representative attended the January 14, 1983 meeting which is the

DOCSLA-15603071.3-GHEYMAN-999995-20001

1  subject of this paragraph and further denies that it had any involvement with plasma

2  procurement issues.  The remaining factual allegations directed to Baxter World

3  Trade, if any, are denied.

4

5      78.    The allegations of this paragraph constitute legal conclusions

6  and/or are directed to parties other than Baxter World Trade, and thus no response is

7  required.  By way of further response, Baxter World Trade states that it did not

8  collect, test or process plasma into factor concentrates.  The remaining factual

9  allegations directed to Baxter World Trade, if any, are denied.

10

11     79.    The allegations of this paragraph constitute legal conclusions

12  and/or are directed to parties other than Baxter World Trade, and therefore no

13  response is required.  The remaining factual allegations directed to Baxter World

14  Trade, if any, are denied.  By way of further answer, Baxter World Trade at all times

15  acted with due care, complied with applicable statutes and regulations, and acted in

16  accordance with the existing state of medical and scientific knowledge.

17

18     80.    The allegations of this paragraph constitute legal conclusions

19  and/or are directed to parties other than Baxter World Trade, and therefore no

20  response is required.  Baxter World Trade did not collect, test or process plasma into

21  factor concentrates.  By way of further answer, Baxter World Trade specifically

22  denies that it engaged in any fraudulent activities.  All remaining factual allegations

23  directed to Baxter World Trade, if any, are denied.

24

25  **H.    Answer to Allegations Regarding Federal Regulations**

26

27     81.    The allegations of this paragraph, including all of its subparts,

28  constitute legal conclusions and therefore no response is required.  Further, this

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  paragraph, including its subparts, purports to quote provisions of the United States

2  Code.  Baxter World Trade denies any quotations, or portions thereof, which are not

3  in conformity with the exact language of the referenced statute and, in any event,

4  denies Plaintiff's characterization of such language.

5

6          82.-87.        The allegations of these paragraphs constitute legal

7  conclusions and therefore no response is required.  Further, these paragraphs purport

8  to quote provisions of the Code of Federal Regulations.  Baxter World Trade denies

9  any quotations, or portions thereof, which are out of conformity with the exact

10  language of the referenced regulation.  Moreover, Baxter World Trade is without

11  knowledge or information sufficient to form a belief as to what times Plaintiff believes

12  are "material to this Complaint" and therefore denies the allegations of these

13  paragraphs on that basis and, in any event, Baxter World Trade denies Plaintiff's

14  characterization of such language.

15

16          88.      The allegations of this paragraph constitute legal conclusions

17  and/or are directed to parties other than Baxter World Trade, and therefore no

18  response is required.  The remaining factual allegations directed to Baxter World

19  Trade, if any, are denied.  By way of further answer, Baxter World Trade specifically

20  states that it at all times acted with due care, complied with applicable statutes and

21  regulations, and acted in accordance with the existing state of medical and scientific

22  knowledge.

23

24  I.      **Answer to Allegations Regarding Conspiracy, Concert of Action and**

25          **Group Liability**

26

27          89.      The allegations of this paragraph constitute legal conclusions

28  and/or are directed to parties other than Baxter World Trade, and therefore no

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  response is required.  The remaining factual allegations directed to Baxter World

2  Trade, if any, are denied.

3

4        90.    To the extent that the allegations of this paragraph constitute legal

5  conclusions and/or are directed to parties other than Baxter World Trade, no response

6  is required.  The remaining factual allegations directed to Baxter World Trade, if any,

7  are denied.

8

9        91.    To the extent the allegations of this paragraph constitute legal

10  conclusions and/or are directed to parties other than Baxter World Trade, no response

11  is required.  The remaining factual allegations directed to Baxter World Trade, if any,

12  are denied.

13

14        92.    To the extent that the allegations of this paragraph constitute legal

15  conclusions and/or are directed to parties other than Baxter World Trade, no response

16  is required.  By way of further answer, Baxter World Trade states that it had no

17  involvement in donor recruiting or screening and it did not process factor

18  concentrates.  The remaining factual allegations directed to Baxter World Trade, if

19  any, are denied.

20

21        93.    To the extent that the allegations of this paragraph constitute legal

22  conclusions and/or are directed to parties other than Baxter World Trade, no response

23  is required.  The remaining factual allegations directed to Baxter World Trade, if any,

24  are denied.  By way of further answer, Baxter World Trade at all times acted with due

25  care, complied with applicable statutes and regulations, and acted in accordance with

26  the existing state of medical and scientific knowledge.

27

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

94.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  To the extent that these allegations are factual and directed to Baxter World Trade, Baxter World Trade states that it did not participate in a January 6, 1983 PMA meeting.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.

95.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  To the extent that these allegations are factual and directed to Baxter World Trade, Baxter World Trade states that it was not involved in plasma testing issues and did not participate in the meeting referenced in this paragraph.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.

96.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  To the extent that these allegations are factual and directed to Baxter World Trade, they are denied.

97.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  Baxter World Trade did not sell factor concentrates in Brazil. The remaining factual allegations directed to Baxter World Trade, if any, are denied.

98.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  By way of further response, Baxter World Trade states that it did not collect plasma, process it into factor concentrates or sell factor concentrates in

DOCSLA-15603071.3-GHEYMAN-999995-20001
DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  Brazil.  The remaining factual allegations directed to Baxter World Trade, if any, are

2  denied.

3

4      99.    The allegations of this paragraph constitute legal conclusions

5  and/or are directed to parties other than Baxter World Trade, and therefore no

6  response is required.  By way of further response, Baxter World Trade states that it

7  did not collect plasma, process it into factor concentrates or sell factor concentrates in

8  Brazil.  The remaining factual allegations directed to Baxter World Trade, if any, are

9  denied.

10

11     100.   The allegations of this paragraph constitute legal conclusions

12  and/or are directed to parties other than Baxter World Trade, and therefore no

13  response is required.  By way of further response, Baxter World Trade states that it

14  did not collect plasma, process it into factor concentrates or sell factor concentrates in

15  Brazil.  The remaining factual allegations directed to Baxter World Trade, if any, are

16  denied.

17

18     101.   To the extent that the allegations of this paragraph constitute legal

19  conclusions and/or are directed to parties other than Baxter World Trade, no response

20  is required.  By way of further response, Baxter World Trade states that it did not

21  collect plasma or process it into factor concentrates.  The remaining factual allegations

22  directed to Baxter World Trade, if any, are denied.

23

24     102.   The allegations of this paragraph constitute legal conclusions

25  and/or are directed to parties other than Baxter World Trade, and therefore no

26  response is required.  To the extent that these allegations are factual and directed to

27  Baxter World Trade, Baxter World Trade states that it did not collect plasma or

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  process it into factor concentrates.  The remaining factual allegations directed to

2  Baxter World Trade, if any, are denied.

3

4  103.    To the extent that the allegations of this paragraph constitute legal

5  conclusions and/or are directed to parties other than Baxter World Trade, no response

6  is required.  To the extent that these allegations are factual and directed to Baxter

7  World Trade, Baxter World Trade states that it did not collect plasma or process it into

8  factor concentrates.  The remaining factual allegations directed to Baxter World

9  Trade, if any, are denied.

10

11  **V.    Answer to Allegations Regarding Tolling of Applicable Statutes of**

12  **Limitations**

13

14  104.    The allegations of this paragraph constitute legal conclusions

15  and/or are directed to parties other than Baxter World Trade, and therefore no

16  response is required.  The remaining factual allegations directed to Baxter World

17  Trade, if any, are denied.  By way of further answer, Baxter World Trade specifically

18  denies any acts of fraudulent conduct, concealment or misrepresentation.

19

20  105.    The allegations of this paragraph constitute legal conclusions

21  and/or are directed to parties other than Baxter World Trade, and therefore no

22  response is required.  The remaining factual allegations directed to Baxter World

23  Trade, if any, are denied.  By way of further answer, Baxter World Trade specifically

24  denies any acts of fraudulent conduct, concealment or misrepresentation.

25

26  106.    The allegations of this paragraph constitute legal conclusions

27  and/or are directed to parties other than Baxter World Trade, and therefore no

28  response is required.  The remaining factual allegations directed to Baxter World

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1  Trade, if any, are denied.  Baxter World Trade states that it did not sell factor

2  concentrates in Brazil.  By way of further answer, Baxter World Trade specifically

3  denies any acts of fraudulent conduct, concealment or misrepresentation.

4

## VI.    Answer to Allegations Regarding Claims For Relief

6

### A.    Answer to Plaintiff's First Claim - Fraudulent Omission and Concealment

9

10      107.   Baxter World Trade incorporates by reference its responses to all

11  preceding paragraphs as if fully set forth herein and further answers as follows:

12

13      108.   The allegations of this paragraph constitute legal conclusions

14  and/or are directed to parties other than Baxter World Trade, and therefore no

15  response is required.  By way of further answer, Baxter World Trade states that it had

16  no involvement in plasma collection, did not process factor concentrates and did not

17  sell factor concentrates in Brazil, where Plaintiff resides.  The remaining factual

18  allegations directed to Baxter World Trade, if any, are denied.  Baxter World Trade at

19  all times acted with due care, complied with applicable statutes and regulations, and

20  acted in accordance with the existing state of medical and scientific knowledge.

21

22      109.   The allegations of this paragraph constitute legal conclusions

23  and/or are directed to parties other than Baxter World Trade, and therefore no

24  response is required.  By way of further answer, Baxter World Trade states that it had

25  no involvement in plasma collection, did not process factor concentrates and did not

26  sell factor concentrates in Brazil, where Plaintiff resides.  The remaining factual

27  allegations directed to Baxter World Trade, if any, are denied.

28

DOCSLA-15603071.3-GHEYMAN-999995-20001
DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    110.   The allegations of this paragraph constitute legal conclusions

2  and/or are directed to parties other than Baxter World Trade, and therefore no

3  response is required.  The remaining factual allegations directed to Baxter World

4  Trade, if any, are denied.  By way of further answer, Baxter World Trade specifically

5  denies that it sold factor concentrates in Brazil and denies that it fraudulently or

6  intentionally concealed any information from Plaintiff.  Baxter World Trade at all

7  times acted with due care, complied with applicable statutes and regulations, and acted

8  in accordance with the existing state of medical and scientific knowledge.

9

10    111.   The allegations of this paragraph constitute legal conclusions

11  and/or are directed to parties other than Baxter World Trade, and therefore no

12  response is required.  By way of further answer, Baxter World Trade specifically

13  denies that it sold factor concentrates in Brazil and denies that it fraudulently or

14  intentionally concealed any information from Plaintiff.  Baxter World Trade at all

15  times acted with due care, complied with applicable statutes and regulations, and acted

16  in accordance with the existing state of medical and scientific knowledge.

17

18    112.   To the extent that the allegations of this paragraph constitute legal

19  conclusions and/or are directed to parties other than Baxter World Trade, no response

20  is required.  The remaining factual allegations directed to Baxter World Trade, if any,

21  are denied.  By way of further answer, Baxter World Trade specifically denies that it

22  concealed any information from anyone.

23

24    113.   The allegations of this paragraph constitute legal conclusions

25  and/or are directed to parties other than Baxter World Trade, and therefore no

26  response is required.  By way of further answer, Baxter World Trade states that it had

27  no involvement in plasma collection, did not process factor concentrates and did not

28  sell factor concentrates in Brazil, where Plaintiff resides.  The remaining factual

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

1   allegations directed to Baxter World Trade, if any, are denied. Baxter World Trade at

2   all times acted with due care, complied with applicable statutes and regulations, and

3   acted in accordance with the existing state of medical and scientific knowledge.

4

5          114.   The allegations of this paragraph constitute legal conclusions

6   and/or are directed to parties other than Baxter World Trade, and therefore no

7   response is required. The remaining factual allegations directed to Baxter World

8   Trade, if any, are denied. By way of further answer, Baxter World Trade states that it

9   did not sell factor concentrates in Brazil where Plaintiff resides.

10

11         115.   The allegations of this paragraph constitute legal conclusions

12  and/or are directed to parties other than Baxter World Trade, and therefore no

13  response is required. The remaining factual allegations directed to Baxter World

14  Trade, if any, are denied. By way of further answer, Baxter World Trade states that it

15  did not sell factor concentrates in Brazil where Plaintiff resides. Baxter World Trade

16  specifically denies that it has engaged in any malicious, intentional, outrageous,

17  willful or wanton conduct or that Plaintiff was injured by any acts or omissions of

18  Baxter World Trade.

19

20         116.   The allegations of this paragraph are either legal conclusions, or

21  are statements not directed to any defendant, and therefore no response is required

22  from Baxter World Trade. The remaining factual allegations directed to Baxter World

23  Trade, if any, are denied.

24

25  **B.     Answer to Plaintiff's Second Claim - Breach of Implied Warranty**

26

27         117.   Baxter World Trade incorporates by reference its responses to all

28  preceding paragraphs as if fully set forth herein and further answers as follows:

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

118.   To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to another defendant, no response is required from Baxter World Trade.  By way of further response, Baxter World Trade states that it did not develop factor concentrates and has never processed them.  Moreover, Baxter World Trade did not distribute or sell factor concentrates in Brazil.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.

119.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  Baxter World Trade denies that factor concentrates are "products."  The remaining factual allegations directed to Baxter World Trade, if any, are denied.

**C.     Answer to Plaintiff's Third Claim - Negligence**

120.   Baxter World Trade incorporates by reference its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

121.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  Baxter World Trade specifically denies that it sold factor concentrates in Brazil.  To the extent that this paragraph is deemed to include any remaining factual allegations directed to Baxter World Trade, they are denied.

122.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  By way of further answer, Baxter World Trade at all times acted with due care, complied with applicable statutes and regulations, and acted in

DOCSLA-15603071.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   accordance with the existing state of medical and scientific knowledge.  To the extent
2   that this paragraph is deemed to include any remaining factual allegations directed to
3   Baxter World Trade, they are denied.

4

5           123.   The allegations of this paragraph and all of its subparts constitute
6   legal conclusions and/or are directed to parties other than Baxter World Trade, and
7   therefore no response is required.  By way of further answer, Baxter World Trade at
8   all times acted with due care, complied with applicable statutes and regulations, and
9   acted in accordance with the existing state of medical and scientific knowledge.  To
10  the extent that this paragraph is deemed to include any remaining factual allegations
11  directed to Baxter World Trade, they are denied.

12

13          124.   The allegations of this paragraph constitute legal conclusions
14  and/or are directed to parties other than Baxter World Trade, and therefore no
15  response is required.  The remaining factual allegations directed to Baxter World
16  Trade, if any, are denied.

17

18          125.   The allegations of this paragraph constitute legal conclusions
19  and/or are directed to parties other than Baxter World Trade, and therefore no
20  response is required.  The remaining factual allegations directed to Baxter World
21  Trade, if any, are denied.  Baxter World Trade specifically denies that it was negligent
22  or that Plaintiff was injured or suffered damages as a result of a wrongful act or
23  omission by Baxter World Trade.

24

25          126.   The allegations of this paragraph constitute legal conclusions
26  and/or are directed to parties other than Baxter World Trade, and therefore no
27  response is required.

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

127.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.  Baxter World Trade had no involvement in the conduct alleged in this Complaint and did not sell factor concentrate to Brazil.

**D.    Answer to Plaintiff's Fourth Claim - Negligence Per Se**

128.   Baxter World Trade incorporates by reference its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

129.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.

130.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.

131.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.

132.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1      133.   The allegations of this paragraph constitute legal conclusions
2  and/or are directed to parties other than Baxter World Trade, and therefore no
3  response is required.  The remaining factual allegations directed to Baxter World
4  Trade, if any, are denied.  Baxter World Trade did not collect, test or process plasma
5  into factor concentrates.  Nor did Baxter World Trade ever sell factor concentrates in
6  Brazil where Plaintiff resides.  Baxter World Trade specifically denies that its conduct
7  was malicious, intentional, outrageous, willful or wanton or that Plaintiff was injured
8  or suffered damages as a result of a wrongful act or omission by Baxter World Trade.

9

## VII.  ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

    WHEREFORE, Baxter World Trade having fully answered, requests that
this Court enter a judgment in its favor and against Plaintiff, and award Baxter World
Trade its costs and expenses, including attorneys' fees in this matter, and grant such
other relief as the Court may deem just and proper.

## FIRST AFFIRMATIVE DEFENSE

    Plaintiff's Complaint fails, in whole or in part, to state a claim against
Baxter World Trade upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

    The injuries and damages claimed by Plaintiff, if any, were caused by the
negligence, fault, or other culpable conduct of persons other than Baxter World Trade
and over whom Baxter World Trade had no control and for which matters Baxter
World Trade bears no legal responsibility.

DOCSLA-15603071.3-GHEYMAN-999995-20001
DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

### THIRD AFFIRMATIVE DEFENSE

3      At all relevant times, Baxter World Trade acted in conformity with the

4  existing state of medical and scientific knowledge, common and accepted procedure in

5  the medical field, and state of the art in the distribution of factor concentrates.

6

7

### FOURTH AFFIRMATIVE DEFENSE

8

9      The state of scientific and technical knowledge at the time when the

10  therapy was put into circulation was not such as to enable Baxter World Trade to

11  know the existence of the alleged defect, if any, or discover it.

12

13

### FIFTH AFFIRMATIVE DEFENSE

14

15      Plaintiff's claims are barred, in whole or in part, by the applicable

16  statutes of limitation and/or statutes of repose.

17

18

### SIXTH AFFIRMATIVE DEFENSE

19

20      Plaintiff's claims are barred, in whole or in part, by the learned

21  intermediary doctrine.

22

23

### SEVENTH AFFIRMATIVE DEFENSE

24

25      Plaintiff's claims are barred, in whole or in part, by the doctrines of

26  laches, waiver and/or estoppel.

27

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

### EIGHTH AFFIRMATIVE DEFENSE

3        Plaintiff's claims are barred by doctrines concerning unavoidably unsafe

4  therapeutics under the Restatement (Second) of Torts:  Product Liability §402A and

5  comments thereto and/or Restatement (Third) of Torts:  Products Liability §6 and

6  comments thereto.

7

8

### NINTH AFFIRMATIVE DEFENSE

9

10        Some or all of Plaintiff's claims are barred or subject to reduction by the

11  doctrines of contributory negligence or comparative fault.  Accordingly, any recovery

12  must be diminished to the extent of a finding of contributory negligence and/or

13  comparative fault against him.

14

15

### TENTH AFFIRMATIVE DEFENSE

16

17        Plaintiff was warned of and/or assumed the risk, if any, related to the use

18  of factor concentrates.

19

20

### ELEVENTH AFFIRMATIVE DEFENSE

21

22        Plaintiff, knowing the nature and properties of factor concentrates,

23  consented to their use, and accordingly Baxter World Trade cannot be held liable.

24

25

### TWELFTH AFFIRMATIVE DEFENSE

26

27        At all relevant times, Baxter World Trade's conduct was in compliance

28  with all applicable federal statutes and regulations, which preempt and bar the

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1    Plaintiff's claims, in whole or in part, by operation of the Supremacy Clause of the

2    United States Constitution.

3

4                    **THIRTEENTH AFFIRMATIVE DEFENSE**

5

6            At all relevant times, Baxter World Trade's conduct was in compliance

7    with applicable foreign regulations issued by the applicable foreign authorities, and

8    Plaintiff's recovery against Baxter World Trade is therefore barred.

9

10                   **FOURTEENTH AFFIRMATIVE DEFENSE**

11

12           Plaintiff has failed to join parties necessary and/or indispensable to a just

13   adjudication of this lawsuit.

14

15                    **FIFTEENTH AFFIRMATIVE DEFENSE**

16

17           The alleged injuries of Plaintiff were the result of unavoidable

18   circumstances, which could not have been prevented by anyone.

19

20                    **SIXTEENTH AFFIRMATIVE DEFENSE**

21

22           Plaintiff's injuries or damages, if any, were proximately caused by an

23   intervening or superseding cause, and Plaintiff's recovery against Baxter World Trade

24   is therefore barred.

25

26

27

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

## SEVENTEENTH AFFIRMATIVE DEFENSE

3       The Complaint fails to allege any cause of action which would entitle

4   Plaintiff to exemplary or punitive damages under the applicable and/or governing law.

5

## EIGHTEENTH AFFIRMATIVE DEFENSE

7

8       Plaintiff's demands for exemplary and punitive damages are barred

9   because any award of such damages would violate the due process clauses of the Fifth

10  and Fourteenth Amendments to the United States Constitution by allowing

11  standardless discretion to the jury to determine punishment and by depriving Baxter

12  World Trade of prior notice of the consequences of its alleged acts.

13

## NINETEENTH AFFIRMATIVE DEFENSE

15

16      With respect to Plaintiff's demand for punitive damages, Baxter

17  specifically incorporates by reference all standards of limitations regarding the

18  determination and enforceability of punitive damages awards which arose in the

19  decisions of BMW of North America v. Gore, 116 U.S. 1589 (1996), Cooper

20  Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), State Farm Mut.

21  Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003), and Philip Morris USA v.

22  Williams, 127 S.Ct. 1057 (2007). To the extent Plaintiff's demand for punitive

23  damages are governed by foreign law, punitive damages are not available to Plaintiff

24  under applicable and/or governing law.

25

26

27

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1

2

## TWENTIETH AFFIRMATIVE DEFENSE

3       Punitive damages are a punishment, a quasi-criminal sanction for which

4   Baxter World Trade has not been afforded the specific procedural safeguards

5   prescribed in the Fifth and Sixth Amendments to the United States Constitution.

6

## TWENTY-FIRST AFFIRMATIVE DEFENSE

7

8

9       The Complaint fails to allege a cause of action that would entitle Plaintiff

10   to attorneys' fees or costs.

11

## TWENTY-SECOND AFFIRMATIVE DEFENSE

12

13

14       Plaintiff has failed to give timely notice of his breach of warranty claims,

15   if any, and therefore are precluded from recovery.

16

## TWENTY-THIRD AFFIRMATIVE DEFENSE

17

18

19   Plaintiff's claims are barred because he failed to mitigate damages.

20

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

21

22

23       To the extent that Plaintiff's claims rest upon any theory that would allow

24   a finding of liability without requiring proof of causation, they violate Baxter World

25   Trade's rights under the United States Constitution, the Constitution of the State of

26   California is and such other laws as may be applicable.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2

3       Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine

4   of primary jurisdiction; the FDA is charged with regulating biologics, including factor

5   concentrates, and is specifically charged with determining the content of the warnings

6   and labeling for biologics.

7

8                   ## TWENTY-SIXTH AFFIRMATIVE DEFENSE

9

10      To the extent Plaintiff's claims are based on alleged misrepresentations

11  or omissions made to the FDA, such claims are barred pursuant to <u>Buckman v.</u>

12  <u>Plaintiffs' Legal Committee</u>, 531 U.S. 341 (2001).

13

14                  ## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

15

16      To the extent that Plaintiff attempts to seek equitable relief, he is not

17  entitled to such relief because he has an adequate remedy at law.

18

19                  ## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

20

21      Some of Plaintiff's claims are barred in whole or in part by the First

22  Amendment of the Constitution of the United States and/or the applicable Constitution

23  or equivalent legal document of any state or foreign nation whose laws might be

24  deemed controlling in this case.

25

26

27

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## TWENTY-NINTH AFFIRMATIVE DEFENSE

2

3     Any recovery by Plaintiff must be reduced or offset by amounts Plaintiff

4 has received or will receive from others for the same injuries claimed in this lawsuit.

5

## THIRTIETH AFFIRMATIVE DEFENSE

6

7

8     Plaintiff's claims are barred because Baxter World Trade did not owe

9 him any legal duty or, if Baxter World Trade did owe such a legal duty, it did not

10 breach that duty.

11

## THIRTY-FIRST AFFIRMATIVE DEFENSE

12

13

14     Damages for losses claimed by Plaintiff are limited by the California

15 Medical Injury Compensation Reform Act ("MICRA") including but not limited to

16 California Code Sections 3333.1 and 3333.2, or other similar applicable statutes

17 placing a cap on liability.

18

## THIRTY-SECOND AFFIRMATIVE DEFENSE

19

20

21     Some of the Plaintiff's alleged injuries or damages, if any, were the result

22 of the misuse of factor concentrate.

23

## THIRTY-THIRD AFFIRMATIVE DEFENSE

24

25

26     Plaintiff's claims are barred in whole or in part by the blood shield

27 statutes of California and/or Illinois, or by the blood shield statutes of such other

28 jurisdictions as may be applicable.

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or should be reduced under the doctrine of avoidable consequences due to Plaintiff's failure to mitigate damages.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and losses, if any, were proximately caused by his own acts or omissions and his claims are therefore barred.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and losses, if any, were proximately caused by his own failure to use factor concentrate in a reasonably foreseeable and intended manner, or in a manner consistent with the therapy's labeling and his claims are therefore barred.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

If it is determined that a risk is inherent in factor concentrate, then such risk is outweighed by the benefits of factor concentrates.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon the doctrine of failure to warn, he has failed to state a claim upon which relief can be granted.

DOCSLA-15603071.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because there is no privity between Plaintiff and Baxter World Trade.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's rights and claims against Baxter World Trade, if any, are barred in whole or in part by public policy considerations.

## FORTY-FIRST AFFIRMATIVE DEFENSE

No implied warranties of fitness for a particular purpose, or for merchantability, existed with respect to any transaction alleged to have been entered by Baxter World Trade, or in the alternative, such warranty or cause of action based upon such warranty was waived by Plaintiff.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Any condition in question alleged to have constituted a breach of implied warranties by Baxter World Trade was not a proximate cause of Plaintiff's alleged injuries or damages.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrines of <u>res judicata</u>, and/or satisfaction and accord.

DOCSLA-15603071.3-GHEYMAN-999995-20001

1

## FORTY-FOURTH AFFIRMATIVE DEFENSE

2

3    Plaintiff's claims are barred to the extent they seek to impose liability

4  retroactively for conduct that was not actionable at the time it occurred.

5

6

## FORTY-FIFTH AFFIRMATIVE DEFENSE

7

8    Plaintiff has vexatiously and unreasonably pursued this action and Baxter

9  World Trade is therefore entitled to costs, expenses and attorneys' fees reasonably

10  incurred because of such conduct.

11

12

## FORTY-SIXTH AFFIRMATIVE DEFENSE

13

14    Plaintiff's claims are barred by the doctrine of lis pendens.

15

16

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

17

18    Plaintiff's claims are barred, in whole or in part, by settlement of his

19  claims.

20

21

## FORTY EIGHTH AFFIRMATIVE DEFENSE

22

23    Plaintiff's claims fail, in whole or in part, because of improper claim

24  splitting.

25

26

27

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## FORTY NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent laws within his own country provide for financial compensation or assistance for Plaintiff's alleged injuries.

## FIFTIETH AFFIRMATIVE DEFENSE

Plaintiff may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for relief, on their face and as applied, violate the Excessive Fines Clause of the United States Constitution, and/or the applicable Constitution or equivalent legal document of any state or foreign nation whose laws might be deemed controlling in this case.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

While denying at all times that factor concentrates distributed by Baxter World Trade caused or contributed to the injuries and damages alleged in the Complaint, Baxter World Trade avers that Plaintiff was warned or otherwise made aware of the alleged risks and further, that any such risks, to the extent they existed, were not beyond those that would have been contemplated by an ordinary user. Plaintiff therefore, is barred from any recovery on the claims asserted.

DOCSLA-15603071.3-GHEYMAN-999995-20001

**REED SMITH LLP**
A limited liability partnership formed in the State of Delaware

1

2

## FIFTY-THIRD AFFIRMATIVE DEFENSE

3

  Plaintiff's fraud and misrepresentation claims cannot be sustained
4 because Baxter World Trade did not have superior knowledge of material facts that
5 were not also readily available to Plaintiff and Plaintiff has failed to plead such claims
6 with particularity.

7

8

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

9

10   Plaintiff's rights to compensation, if any, have already been adjudicated
11 in his home country.

12

13

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

14

15   Any decision in this Court, in favor of the Plaintiff, would violate legally
16 and properly enacted provisions of the law in his home country.

17

18

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

19

20   Plaintiff's claims are not justiciable, as their adjudication would violate
21 the Act of State Doctrine.

22

23

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

24

25   This Court is neither a proper nor convenient forum for the just
26 adjudication of Plaintiff's claims.

27

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1

2

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

3        Plaintiff's claims are barred by the law of the jurisdictions in which he

4 resides and are, as such, barred in this Court by principles of comity.

5

## FIFTY-NINTH AFFIRMATIVE DEFENSE

7

8        Any affirmative defenses pleaded by the other Defendants and not

9 pleaded by Baxter World Trade are hereby incorporated herein to the extent they do

10 not conflict with Baxter World Trade's affirmative defenses.

11

## SIXTIETH AFFIRMATIVE DEFENSE

13

14        Baxter World Trade hereby gives notice that it intends to plead any

15 affirmative defenses available to Baxter World Trade under the law of the country

16 where Plaintiff resides and hereby reserves the right to amend its Answer to assert

17 such defenses.

18

## SIXTY-FIRST AFFIRMATIVE DEFENSE

20

21        Baxter World Trade hereby gives notice that it intends to rely upon any

22 other defense that may become available or appear during the discovery proceedings

23 in this case and hereby reserves the right to amend its Answer to assert such defenses.

24

## SIXTY-SECOND AFFIRMATIVE DEFENSE

26

27        Plaintiff's claims are improperly joined and should be dismissed.

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

1

## SIXTY-THIRD AFFIRMATIVE DEFENSE

2

3          To the extent Plaintiff's claims involve or relate to witnesses and/or other

4   evidence (documentary or otherwise) which lies beyond the subpoena power of this

5   court, Plaintiff's claims and any award or judgment resulting from proceedings in this

6   country constitute an unconstitutional violation of Defendants' rights to due process.

7

8          WHEREFORE, Baxter World Trade having fully answered, requests that

9   this Court enter a judgment in its favor and against Plaintiff, and award Baxter World

10  Trade its costs and expenses, including attorneys' fees in this matter, and grant such

11  other relief as the Court may deem just and proper.

12

13  DATED: _____, 2007

14                                    REED SMITH LLP

15                                    By: _____

16                                        Marilyn A. Moberg
                                         Ginger Heyman Pigott
17                                        Attorneys for Defendant
                                         Baxter World Trade Corporation

18

19

20

21

22

23

24

25

26

27

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1

**PROOF OF SERVICE**

2        I am a resident of the State of California, over the age of eighteen years, and not a

3 party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 355 South

4 Grand Avenue, Suite 2900, Los Angeles, CA 90071. On August 22, 2007, I served the following document(s) by the method indicated below:

5

**DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO**
6 **PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

7 ☐   by transmitting via facsimile on this date from fax number 213.457.8080 the document(s)
8      listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report,
9      which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

10 ☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully
11      prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of
12      correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course
13      of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of
14      deposit for mailing in this Declaration.

15 ☐   by placing the document(s) listed above in a sealed envelope(s) and by causing personal
16      delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

17 ☐   by personally delivering the document(s) listed above to the person(s) at the address(es)
18      set forth below.

19 ☒   by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date
20      of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

21

**SEE ATTACHED SERVICE LIST**

22        I declare under penalty of perjury under the laws of the United States that the above is true

23 and correct. Executed on August 22, 2007, at Los Angeles, California.

24

25                 Yolanda Rodriguez

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

PROOF OF SERVICE

**SERVICE LIST**

| | |
|---|---|
| Juliano Magnonn Bersani<br>Rua Thomaz Otto #128<br>Pilarzinho, Curitiba<br>Brazil<br>CEP 82100520<br>Telephone: 41-963-50692 | *Plaintiff* |
| Nick Diamond, Esq.<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>275 Battery Street<br>30th Floor<br>San Francisco, CA 94111-3339 | |
| Lindley J. Brenza, Esq.<br>Kaspar J. Stoffelmayr, Esq.<br>Bartlit, Beck, Herman, Palenchar & Scott<br>1899 Wynkoop Street<br>8th Floor<br>Denver, CO 80202 | |
| Geoffrey R. W. Smith, Esq.<br>Geoffrey Smith, PLLC<br>1350 I Street, N.W.<br>Suite 900<br>Washington, DC 20005 | |
| Tamar B. Kelbar, Esq.<br>Sidley Austin LLP<br>One South Dearborn Street<br>Chicago, IL 60603 | |
| Sheldon J. Schlesinger, Esq.<br>John Uustal, Esq.<br>Sheldon J. Schlesinger, P.A.<br>1212 Southeast Third Avenue<br>Fort Lauderdale, FL 33316 | |
| Kevin Stack, Esq.<br>Knapp, Petersen & Clarke<br>500 North Brand Boulevard<br>20th Floor<br>Glendale, CA 91203 | |
| Duncan Barr, Esq.<br>O'Connor, Cohn, Dillon & Barr<br>2405 16th Street<br>San Francisco, CA 94103-4210 | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.